## BUTLER *vs.* THE PEOPLE.

An indictment for burglary in the third degree need not state that the offence was committed in the day time.

ERROR to the recorder's court of the city of Buffalo. The plaintiff in error was convicted of the offence of burglary in the third degree, at the July term of the recorder's court in the year 1846. The first count of the indictment charged that the defendant therein, on &c., at the city of Buffalo, in the county of Erie, with force and arms, the dwelling house of one A. R., there situate, feloniously and burglariously did break and enter, with intent the goods and chattels of the said A. R. in the said dwelling house, then and there being kept for use and deposit, then and there feloniously and burglariously to steal, take and carry away; and then and there, in the said house one pocket pistol of great value, to wit, &c. of the goods and chattels of the said A. R., feloniously and burglariously did steal, take

Butler *v.* The People.

and carry away, contrary to the form of the statute, &c., and, against the peace, &c. There was a second count in the same form except that the dwelling house was laid to be that of another person. Plea not guilty. The court sentenced the defendant to imprisonment in the state prison.

*W. B. Olds*, for the plaintiff in error. It is not stated in the indictment whether the offence was committed in the night or in the day time; and as that circumstance is essential in determining whether burglary, in the second or in the third degree, was intended to be charged, the indictment is not a good one for either degree of the offence. (2 *R. S.* 668, § 12; *Id.* 669, § 18.) Indictments upon statutes must state all the circumstances which enter into the definition of the offence, in the language of the statute; but this indictment is fatally defective in that respect. (1 *Chit. Cr. Law*, 281, 296.)

*G. P. Barker*, (district attorney,) for the people.

*By the Court*, JEWETT, J. Burglary, at the common law, consists in breaking and entering the dwelling house of another in the night time, with intent to commit a felony. (4 *Bl. Com.* 224.) With us that offence has been divided into three degrees. One definition of the offence in the third degree is the "breaking and entering into the dwelling house of another in the *day time*, under such circumstances as would have constituted the offence of burglary in the second degree if committed in the night time." (2 *R. S.* 669, § 18.) In the second degree the offence may be committed by "breaking into any dwelling house in the *night time*, with intent to commit a crime, but under such circumstances as shall not constitute the offence of burglary in the first degree." (*Id.* 668, § 12.) The definition of the crime in the first degree superadds to the description of the offence just mentioned some other circumstances—as that some human being must be in the house, or the offender must be armed, or must violently break in, or pick a lock, or have confederates present, &c. (*Id.* § 10.) The question is whether

this indictment sets forth with sufficient certainty such an of-
fence as is described in the eighteenth section above referred to.
If the count had averred that the acts were committed in the
night time, it would have brought the offence within the
twelfth section, and it would have been burglary in the second
degree—the only distinction between the two grades relating to
the time when the acts are done. The acts constitute burglary
whenever committed, and the time is only material for the
purpose of determining the degree and measuring the punish-
ment. Unless they are charged to have been done in the night,
it is clear there could not legally be a conviction of the higher
offence described in the twelfth section. It is urged that it is
equally essential in order to bring the offence within the eigh-
teenth section that it should be stated that the offence was
committed in the day time, though it is conceded that the
statement of time in this case would be rather formal then sub-
stantial. In indictments for this offence at common law the
time of day is all important, as the circumstance of a nocturnal
entrance is vital to the offence; and the indictment must al-
ways state the entry to have been in the night. (1 *Hale's P.
C.* 549.) So where a conviction is sought under our statute
for either of the higher grades of the offence, the statement of
an entry in the night time cannot be omitted. But in this case
the conviction is for the less heinous offence, and as to that the
circumstance of time seems to be of no moment. The omission
to state that it was in the night is as clear an intimation that the
prosecution does not proceed for the higher offence, as though
it had been expressly said that it was done in the day time.
The general rule respecting indictments upon statutes, un-
doubtedly is that contended for by the counsel for the plaintiff
in error; but I am of opinion that the offence is stated, in this
case, with the certainty which the rule requires. But if it were
formally defective, it would be aided by the statute which pro-
vides that "any defect or imperfection in matters of form which
shall not tend to the prejudice of the defendant," may be disre-
garded. (2 *R. S.* 728, § 52, *sub.* 4; *The People* v. *Rynders*

12 *Wend.* 425.) (*a*)   It cannot be pretended that the defendant was prejudiced on the trial by the defect complained of, as it would have been competent for the jury to have convicted him of this offence in the third degree upon an indictment charging the same offence in either of its higher grades. (2 *R. S.* 702, § 27.)

The judgment must be affirmed.

Judgment affirmed.

(*a*) See *The People* v. *Charles*, (3 *Denio*, 212.)