STATE *vs.* JOSEPH NEDDO.

Kennebec.　　Opinion September 2, 1898.

*Indictment. Pleading. Burglary. Accessory. R. S., c. 119, § 8; c. 131, § 7.*

In an indictment against an accessory after the fact, indicted jointly with the principal, who is charged with breaking and entering a dwelling-house, *held;*

(1) that an allegation that the principal broke and entered a dwelling on a day named sufficiently charges a breaking and entering in the day time;

(2) that, if it is intended to charge the offense for which the lighter punishment is provided by R. S., c. 119, § 8, it is not necessary to aver that no person was lawfully in said dwelling-house and put in fear;

(3) that charging a breaking and entering and larceny of chattels therein is not bad for duplicity;

(4) that the allegation that the principal " feloniously and burglariously did steal, take and carry away " certain goods and chattels in the dwelling-house is a sufficient averment of felonious intent;

(5) that it is not necessary to aver that valuable things were kept in the dwelling-house;

(6) that the indictment having sufficiently charged the principal with breaking and entering, the averment that the accessory knew the principal " to be such principal felon and to have committed the crime aforesaid," is a sufficient allegation of guilty knowledge on the part of the accessory;

(7) that the averment that the accessory " did harbor, conceal, maintain and assist " the principal, " knowing him to be such principal felon and to have committed the crime aforesaid with intent that he the said principal felon [naming him] might escape detection, arrest, trial and punishment " charges with sufficient exactness that the accessory intended that the principal should escape punishment for the crime set forth in the indictment;

(8) that the averment that the accessory did not stand in the relation of husband or wife, or parent or child to the principal sufficiently alleges that the accessory did not stand in such relation at the time stated immediately preceding such averment;

(9) that it is not necessary to set forth the means by which the accessory assisted the principal.

ON EXCEPTIONS BY DEFENDANT.

This was an indictment found at the September term, 1897, of the Superior Court, for Kennebec county, against William Coro as principal, and the defendant, Joseph Neddo, as accessory after the fact. The crime alleged was breaking and entering in the day time into a dwelling-house, no person being lawfully therein, in violation of the provisions of R. S., chap. 119, § 8 :—"Whoever, with intent to commit a felony, breaks and enters in the day time, or enters without breaking in the night time, any dwelling-house, or breaks and enters any office, bank, shop, store, warehouse, vessel, railroad car of any kind, or building in which valuable things are kept, any person being lawfully therein and put in fear, shall be punished by imprisonment for not less than one nor more than ten years, but if no person was lawfully therein and put in fear, by imprisonment for not more than five years, or by fine not exceeding five hundred dollars." The principal pleaded guilty and was sentenced; the accessory filed a special demurrer which was overruled by the presiding justice and the defendant brought his exceptions thereto into this court.

The case is sufficiently stated in the opinion.

*Geo. W. Heselton,* County Attorney, for State.

*Jos. Williamson, Jr. and L. A. Burleigh,* for defendant.

SITTING:   PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

FOGLER, J.   Exceptions by Joseph Neddo to the overruling by the judge of the Superior Court for the county of Kennebec of the respondent's demurrer to an indictment against one William Coro, as principal, for breaking and entering a dwelling-house and larceny of goods and chattels therein, and against the respondent, as accessory after the fact. The indictment, as to Coro, is under R. S., ch. 119, § 8, which is as follows:

"Sec. 8.   Whoever, with intent to commit a felony, breaks and

enters in the day time, or enters without breaking in the night time, any dwelling-house, or breaks and enters any office, bank, shop, store, warehouse, vessel, railroad car of any kind, or building in which valuable things are kept, any person being lawfully therein and put in fear, shall be punished by imprisonment for not less than one nor more than ten years, but if no person was lawfully therein and put in fear, by imprisonment for not more than five years, or by fine not exceeding five hundred dollars."

And, as to Neddo, the respondent, the indictment is under R. S., ch. 131, § 7, which is as follows:

"Sec. 7.  Every person, not standing in the relation of husband or wife, parent or child, to the principal offender, who harbors, conceals, maintains, or assists any principal felon or accessory before the fact, knowing him to be such, with intent that he may escape detection, arrest, trial or punishment, is an accessory after the fact, and shall be punished by imprisonment for not more than seven years, and by fine not exceeding one thousand dollars; but in no case shall such punishment exceed the punishment to which the principal felon on conviction would be liable."

The demurrer alleges that the indictment is defective in the following respects:   (1) that it does not allege whether the breaking and entering and larceny was committed in the day time or in the night time; (2) that it does not allege whether at the time of the alleged breaking and entering any person was lawfully in said dwelling-house therein mentioned and put in fear; (3) that it alleges two distinct offenses, viz: a breaking and entering and a larceny, and is therefore bad for duplicity; (4) that it does not allege that the taking of the bank bills therein mentioned was accompanied with a felonious intent; (5) that it does not allege that the dwelling-house therein mentioned was a building for public use or in which valuable things were kept; (6) that the allegation that the respondent knew that Coro had committed the "crime aforesaid" does not sufficiently charge the respondent with knowledge that Coro had committed any specified offense; (7) that it does not sufficiently allege any harboring, concealing, maintaining and assisting of said Coro by the respondent, with the intent on the

part of the respondent that said Coro might escape detection, arrest, trial and punishment for any offense set forth in the indictment; (8) that it does not set forth the time at which the respondent did not stand in the relation of parent or child to said Neddo; (9) that the manner of harboring, concealing, maintaining and assisting are not set forth. We are of opinion that neither of the grounds for demurrer can be sustained and that the demurrer was correctly overruled.

I. The indictment alleges that Coro broke and entered the dwelling-house on a day named. This sufficiently charges an offense under the statute above quoted for breaking and entering a dwelling-house in the day time. If the indictment had alleged an entry without breaking it would have been necessary to aver that such entry was in the night time. It is well settled that if a crime is punishable more heavily when committed in the night time, the indictment, to justify the heavier punishment, must charge it to have been committed in the night time, but ordinarily if only the lower punishment is sought to be inflicted, the allegation of day time is not essential. II Bishop Crim. Proc. § 133 a; *Commonwealth* v. *Reynolds*, 122 Mass. 454; *Butler* v. *The People*, 4 Denio, 68.

II. The offense defined and made punishable by the statute is the breaking and entering with felonious intent of a dwelling-house or other building or place therein designated, and the punishment provided is graded according to whether or not any person is lawfully therein and put in fear. In *Devoe* v. *Commonwealth*, 3 Met. 327, Shaw, C. J., declares it to be a well established rule, "that where there are several species of the same general crime, with more or fewer circumstances of aggravation, and subject to a gradation of punishments, it is not necessary in the indictment, to negative those circumstances which would render it more aggravated." . . . . "If it is intended to charge the mitigated offense, it is sufficient to charge those facts which constitute the crime, simply omitting the circumstances which, by the statute, would aggravate the offense and increase the punishment." To the same

effect is *Commonwealth* v. *Squire*, 1 Met. 258-263; *Larned* v. *Commonwealth*, 12 Met. 240; *Commonwealth* v. *Hamilton*, 15 Gray, 480. In the case at bar it was not necessary to aver that no person was lawfully in the dwelling-house and put in fear, and the indictment is sufficient to charge Coro with the offense of breaking and entering a dwelling-house, for which the lighter punishment provided by the statute can be inflicted.

III. The indictment charges that Coro broke and entered the dwelling-house and certain chattels therein did steal, take and carry away. The respondent contends that thus two distinct offenses are charged and that the indictment is on that account bad for duplicity. In a certain sense the indictment sets out two offenses, but this form of indictment, in cases of burglary and breaking and entering, has been long in use in England and in this country and it is well settled that an indictment so framed is not open to the charge of duplicity. II Bishop Crim. Pro. § 143; I Wharton Ind. & Pleas, (368); *Commonwealth* v. *Hope*, 22 Pick. 1; *Commonwealth* v. *Tuck*, 20 Pick. 356; 1 Hale's P. C. 547; East's P. C. 515, 516. "To make up burglary," says Lord Hale, "it must not be only to break and enter a house in the night time, but either a felony must be committed in the house, or it must be to the intent to commit a felony." Mr. East in note to p. 520, says that the true definition of burglary is, "breaking and entering with the intent to commit felony, of which the actual commission is so strong a presumptive evidence, that the law has adopted it and admits it to be equivalent to a charge of the intent in the indictment."

As stated by Shaw, C. J., in *Commonwealth* v. *Hope*, supra: "And the indictment may be laid, as in the present case, with an intent to steal, and with actually stealing, and this is not double, and the accused may then be convicted of the whole, or either the burglary or the larceny separately."

IV. The indictment alleges that Coro, "feloniously and burglariously did steal, take and carry away" certain goods and chattels in the said dwelling-house then and there being found. This is

undoubtedly a sufficient allegation of felonious intent. Indeed, it is difficult to conceive how such intent could have been more explicitly set out.

V. The statute makes the breaking and entering of a dwelling-house a distinct offense. Whether or not valuable things are therein kept is immaterial. If the breaking and entering is of any building other than a dwelling-house it is necessary to allege that valuable things were therein kept, but no such allegation is required when the indictment charges the breaking and entering of a dwelling-house.

VI. The indictment sufficiently charges Coro with the offense of feloniously breaking and entering a dwelling-house. It alleges that the respondent knew Coro "to be such principal felon and to have committed the crime aforesaid." To avoid unnecessary repetition one count or allegation may refer to a preceding count or allegation. State v. *McAllister*, 26 Maine, 374; State v. *Nelson*, 29 Maine, 329. The averment that the respondent knew that Coro had committed the "crime aforesaid" is clearly equivalent to an allegation that he knew that Coro had committed the crime fully set forth in the former part of the indictment and is a sufficient averment of guilty knowledge.

VII. The indictment charges that the respondent did harbor, conceal, maintain and assist said principal felon, William Coro, with intent that he, the said principal felon might escape detection, arrest, trial and punishment. The crime with which the principal felon is charged being fully set forth in a former part of the indictment, we are of opinion that it charges with sufficient exactness that the respondent intended that Coro should escape punishment for the crime set forth in the indictment. The indictment is in the form laid down in II Bish. Crim. Pro. §§ 8 and 10, and in I Wharton's Prec. of Ind. and Pleas, (99) and (100).

VIII. The indictment alleges "that Joseph Neddo of Waterville in said county of Kennebec on said second day of September in the year of our Lord one thousand eight hundred and ninety-seven, at

Waterville aforesaid, in the county of Kennebec aforesaid, said Joseph Neddo not standing in the relation of husband or wife or parent or child to the said William Coro, etc." This is a sufficient allegation that the respondent did not stand in such relation at the time stated immediately preceding such averment. It could by no possible construction refer to any other time.

IX. "It is in no case necessary to set forth the means by which the accessory before the fact incited the principal to commit the felony, or the accessory after received, concealed or comforted him; for it is perfectly immaterial in what way the purpose of one was effected, or the harboring of the other secured; and as the means are frequently of a complicated nature, it would lead to great inconvenience and perplexity if they were always to be described upon the record." II Bishop's Crim. Proc. § 8.

*Exceptions overruled.*