Statement of the Case.
MONROE, J.
Defendant was convicted, by a jury of 12, under an indictment charging that:
“Harry Burns, late of the parish of Caddo, on the 1st day February in the year of our Lord one thousand nine hundred and twelve, at and in the parish, district, and state aforesaid, in the daytime of said day, the dwelling house of M. Ward, there situate, feloniously did break and enter, with intent, then and there, the goods and chattels in said dwelling house, then and there being, feloniously to steal, take, and carry away, contrary to the form of the statute of the state of Louisiana in such case made and provided and against the peace and dignity of the same. And the grand jurors aforesaid, upon their oath, aforesaid, do further present _ that the said Harry Burns, on the first day of'February, in the year of our Lord one thousand nine hundred and twelve, at and in the parish, district; and .state aforesaid, one gold nugget stick pin, of the value of fifteen dollars in lawful money of the United States, one pistol, of the value of fifteen dollars in lawful money of the United States, one watch chain, of the value of four dollars in lawful money of the United States, one pocket knife, of the value of one dollar, in lawful money of the United States, ef the goods and chattels, of the said M.' Ward, there situate, then and there being, did, then and there, in said dwelling house in the daytime of said day, aforesaid, feloniously did steal, take, and cany away, contrary to the form of the statute of the state of Louisiana in such case made and provided and against the peace and dignity of the same.”
He was sentenced for three years for burglary, and for two years additional for larceny.
The transcript contains two bills of exception to wit:
(1) To the overruling of a motion to quash the indictment, on, the grounds: (1) That the first count does not conclude according to law; (¿) that same is vague and indefinite; (3) that it is duplicitous, as charging distinct felonies; (4) that, if not duplicitous, it does not state a crime or offense against the laws of the state.
(2) To the refusal of the court to charge the jury that:
“It is incumbent upon the state to prove that the breaking and entering was in the daytime, as per the indictment, and to prove a breaking and entering * * * as charged in count No. 1.”
Opinion.
The first count of the indictment is in the usual and proper form, and charges the offense of breaking and entering, in the daytime, with intent to steal, which is a single offense.
R. S. § 854 declares that:
“Whoever, with intent to * * * steal, * * * shall, in the nighttime, enter without breaking, or, in the daytime, break or enter, any dwelling house, * * * on conviction, shall be imprisoned at hard labor not exceeding five years and fined not exceeding one thousand dollars.”
[1] On the other hand, for breaking and entering a dwelling house, in the nighttime, without being armed, with intent to steal, the penalty is imprisonment -at hard labor for not exceeding 14 years. R. S. § 851. And, for such breaking and entering, armed with a dangerous weapon, the penalty is *399 death. R. S. § 850. Breaking and entering a dwelling, with intent to steal, whether done by day or night, is, therefore, a crime for which the lightest penalty is imposed when committed by day, a heavier penalty when committed by night, and the extreme penalty of the law when committed by night, the offender being armed with a dangerous weapon. In the instant case the offense was charged as having been committed by day, and defendant was found guilty as charged. Hence we know that he committed the offense, and we also know that he committed it either by day or by night, and, save for the purposes of the penalty, it is immaterial at what time. If he had been sentenced to imprisonment for 14 years, or to death, he might well have complained that he had not been charged or convicted of an offense carrying either of those penalties; but he was sentenced to imprisonment for only 3 years, and, in view of that sentence, he has no cause of complaint that the state was not required to prove, and did not prove, when the offense was committed, because it was an offense, whenever committed, and the sentence was within the law fixing the lightest penalty therefor. Referring to the section (854) now under consideration, this court has heretofore said:
“If a breaking and entry in the daytime is burglary in the sense of that statute, the mere averment in the indictment that the accused did break or enter a dwelling house would seem to be sufficient, without the addition of the words ‘in the daytime.’ ” State v. Anselm, 43 La. Ann. 196, 8 South. 583.
[2] As the rule is well settled that, although certain cognate offenses may be denounced disjunctively, they must be charged conjunctively, the word “or,” instead of “and” in the foregoing citation, wás no doubt inadvertent; but the main proposition embodied in the citation appears well founded. There is, however, no merit in the contention that, in the case above referred to, the prosecution must prove both of the offenses, conjunctively charged, and hence no merit in defendant’s bill of exception on that point.
Judgment affirmed.