STATE *v.* CLIFFORD NEWELL.

November Term, 1918.

Present:   WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 18, 1919.

*Criminal Law—Burglary—Information—Place of Imprisonment*
    *—Presumption as to Age.*

Under G. L. 6858, 6859, it is as much burglary to break and enter
    in the daytime as it is to break and enter in the nighttime; the
    effect of the statute being, not to make two crimes, but to make
    two grades of the same crime.

While it is necessary to allege the aggravating circumstances to con-
    vict of the higher grade of burglary, it is not necessary to allege
    that the offence was committed in the daytime to convict of the
    lower grade.

6

A respondent convicted of burglary was properly sentenced to the House of Correction under G. L. 7184; it being assumed, the contrary not appearing, that he was over sixteen years of age.

INFORMATION for burglary. Plea, not guilty. Trial by jury at the May Term, 1918, Windsor County, *Butler,* J., presiding. Verdict, guilty. The information did not allege that the crime was committed in the nighttime. After the verdict, and before judgment on the verdict was rendered, the respondent moved in arrest of judgment for that "the information in said cause in no place alleges that the offence charged was committed in the nighttime, and that no crime is charged against said respondent by said information and because no judgment against him the said Clifford Newell can be lawfully rendered on said record." The motion in arrest was overruled, an exception allowed the respondent, and judgment rendered on the verdict.

*Sanford Emery, Bert E. Cole,* and *Fred G. Bicknell* for the respondent.

*William S. Pingree,* State's Attorney, for the State.

POWERS, J. At common law, the crime of burglary could be committed in the nighttime only. Therefore, a *noctanter* was necessary to a valid indictment therefor. But under our statute, G. L. 6858, 6859, it is as much burglary to break and enter in the daytime as it is to break and enter in the nighttime. The effect of the sections referred to is not to make two crimes, but to make two grades of the same crime. The words "in the daytime" are not used in 6859 to define or characterize the offence, but merely to distinguish it from the higher grade of the same offence specified in 6858. The case, then, comes within the rule thus stated by Chief Justice Shaw in *Devoe* v. *Commonwealth,* 3 Met. (Mass.) 316: "Where there are several species of the same general crime, with more or fewer circumstances of aggravation, and subject to a gradation of punishments, it is not necessary, in the indictment, to negative (directly or indirectly) those circumstances which would render it more aggravated."

In order to convict of the higher grade, the aggravating circumstances must, of course, be alleged. But to convict of the lower grade, it is not necessary to allege that the offence was

committed in the daytime.  *Butler .v. People,* 4 Denio (N. Y.) 68; *Com.* v. *Reynolds,* 122 Mass. 454; *Schwabacher* v. *People,* 165 Ill. 618, 46 N. E. 809; *State* v. *Neddo,* 92 Me. 71, 42 Atl. 253; *State* v. *Burns,* 131 La. 396, 59 So. 823.

There was no error in the sentence.  The respondent could properly be sent to the House of Correction.  G. L. 7184.  We assume, of course, the contrary not appearing, that he was over sixteen years of age.

*There is no error, and respondent takes nothing.  Let execution be done.*