CLEMENT LONG *v.* IONA LEONARD

February Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed June 24, 1943.

*H. C. Shurtleff* for the plaintiff.

*Theriault & Hunt* for the defendant.

BUTTLES, J. This is an action in tort for alleged negligence in the operation of an automobile. Trial by jury resulted in a verdict for the defendant and the case is here on the plaintiff's exceptions. The accident out of which the action arose occurred at about 4:30 P.M. on Dec. 20, 1941. The plaintiff while walking northerly on Elm Street in the City of Montpelier, or in attempting to cross the street, was struck from the rear and injured by an automobile driven by the defendant. Snow had been plowed from the roadway and formed a bank on either side which was two feet high or more. There was a sidewalk on the easterly side of Elm Street but none on the westerly side in this locality. The plaintiff walked

northerly on the sidewalk until he reached Cummings Street which comes into Elm Street from the east. He then turned into the roadway of Elm Street with the intention of proceeding therein until he reached the driveway leading to his daughter's home on the westerly side of the street some 75 feet northerly of Cummings Street. Had he continued farther north on the sidewalk it would have been necessary for him to wade through the easterly snowbank in order to cross the street to his daughter's house. The defendant and the plaintiff were the only eye witnesses and they are not in agreement as to the details of the accident although they are agreed that the plaintiff had crossed the middle of the street when he was struck.

The plaintiff had testified that when struck by the car he was carrying a small box of oysters and a carton of crackers. Later he was asked, referring to the time of his return from the hospital four days after the accident: "As you came back, coming to your daughter's, did you notice those oysters and crackers, if so where?" Objection being interposed plaintiff's counsel offered to show that "they were at the extreme left hand edge of the road and not in the center of the road where the defendant testified the accident took place; that the accident took place on the side of the road instead of the center." There was some discussion during which plaintiff's counsel said: "We offer to show they were there, that they hadn't been moved by any traffic." As stated in his brief it would seem that the plaintiff now relies in part upon the exclusion of this offer although no exception was taken until after counsel had further offered to show "that the oysters and crackers were down by the side of the road on the left hand side and not in the position the defendant said they were, and they were frozen onto the ice" and after that offer had been excluded.

If the three statements made by counsel be treated as one offer and the exception as applying thereto, then the factual basis of the third part of the offer is faulty because the defendant had not testified as stated therein but only that soon after the accident the crackers were strewn all over the street and that she didn't notice any oysters. But aside from that we find no merit in the exception. The offer to show that the oysters had not been moved must be considered an offer to show that fact by the witness who was then testifying. The discussion which followed so indicates and nothing

was then said about any other witnesses. Two other witnesses did testify as to the position of the oysters shortly after the accident but they both placed them out in the snow bank and not where the offer indicated they were. It is apparent, however, that the witness was not competent to testify that they had not been moved. He had had no opportunity to observe them except immediately after the accident, and the nature of his injury and the manner in which it was received made it practically impossible for him then to observe what became of the oysters. When questioned as to this he said only that he dropped them, in response to a leading question.

 The court's ruling was evidently made on the ground of remoteness since objection was taken on that ground, and it will be presumed to have been made as a matter of discretion if it could be so ruled. *Slack* v. *Bragg,* 83 Vt 404, 412, 76 A 148; *Gilfillan* v. *Gilfillan's Estate,* 90 Vt 94, 100, 96 A 704. Questions of remoteness are largely within the discretion of the court. 31 CJ 868; 20 Am Jur Sec. 249. In order to be admissible offered evidence must not only be logically relevant but also legally relevant, that is of a character to be deemed of probative value. In determining the admissibility of a collateral fact which is logically relevant there will be instances in which it can be ruled as a question of law, either because the offered fact was so clearly of probative value that its exclusion would be legal error, or because it was so clearly not fit to be considered that it would be legal error to admit it. Lying between these extremes are those instances admitting of discretion in receiving or rejecting the proffered evidence. *Dalpe* v. *Bissette,* 99 Vt 179, 182, 130 A 591. When the question is as to the admissibility of evidence of a fact as a basis of an inference that it existed at a previous or subsequent time, the true inquiry in each case is: at what point will evidence of the existence of a given fact or state of affairs cease to be probative as to its existence at an earlier or a later period? The established rule is that the court will infer that the particular fact or set of facts continues to exist so long as such facts usually, as a matter of experience, have been found to continue. The probative value will depend upon the length of time intervening and the persistent or mobile nature of the subject matter to which the inference is applied. *Smith* v. *Martin,* 93 Vt 111, 118, 106 A 666; *Nelson* v. *Bacon,* 113 Vt 161, 32 A2d 140. Here the length of time that had elapsed, the mobile nature of the oysters

and the fact that the locus was in a city street made the question one proper to be ruled as a matter of discretion and no abuse thereof is claimed or appears.

■ The witness Hayford testified that shortly after the accident he made some measurements with Officer Sloan and that he then observed some oysters about under the front end of the car, which then projected from four to six feet into the snow bank. The officer testified that on that occasion he saw some oysters on the snow bank. There was no other evidence in the case about the position of the oysters after the accident. In the course of his argument to the jury the defendant's counsel said: "The claim of the plaintiff now is those oysters were in the snow bank, and wants you to infer that this car crowded him into the snow bank." Counsel then read from the record the question that had been asked of the plaintiff as to whether on his return from the hospital he had noticed any oysters and crackers. He also read, over the objection of the plaintiff, the offer which followed the question and is the first offer hereinbefore quoted, the argument being that the offer then made was inconsistent with counsel's contention in argument. The plaintiff claimed an exception to which he is no doubt entitled although it was not explicitly granted by the court. *State* v. *Tinker,* 108 Vt 213, 218, 184 A 698; *Hendrickson* v. *International Harvester Co.,* 100 Vt 161, 168, 135 A 702.

■ The line of argument to which exception was taken seems to have been directed to an alleged shortcoming of opposing counsel rather than to evidence bearing upon any issue in the case. But passing the question as to the propriety of the argument it is sufficient to say that we are not satisfied that the error, if any, was prejudicial. The offer which was read was a part of the record and it had been made in open court in the presence of the jury. Nothing was involved of which the jury could not already have been fully cognizant. It was also open to notice by them that the offer referred to a time four days later than the evidence about which plaintiff's counsel had argued and that in the meantime the position of the hapless oysters might have been changed. Under our present practice, as has often been said, error works a reversal only when the record satisfies the court that the rights of the excepting party have been injuriously affected thereby. Supreme Court Rule 9; *Russ* v. *Good,* 92 Vt 202, 207, 102 A 481; *Button* v. *Knight,* 95 Vt 381, 386,

115 A 499 ; *Carleton* v. *Fairbanks & Co.,* 88 Vt 537, 552, 553, 93 A 462 ; *Laferriere* v. *Gray,* 104 Vt 366, 370, 371, 160 A 270 ; *Duchaine* v. *Ray,* 110 Vt 313, 321, 322, 6 A2d 28.

The plaintiff requested the court to charge that the defendant "would have no right to act upon the assumption that the plaintiff might possibly, in crossing the street, retrace his steps where he did not in fact do so, and gave no indication that he was going to do so." In taking an exception to the court's failure to comply with this request counsel merely read the request and stated that it was his number eight. The court had charged generally as to the duty owing by the defendant to the plaintiff. Plaintiff's counsel excepted to the charge as given only with respect to the matter of speed and did not inform the court as to why the charge was claimed to be inadequate with respect to the subject matter of the request as he was required by our practice to do. *Woodhouse* v. *Woodhouse,* 99 Vt 91, 146, 130 A 758 ; *Johnson* v. *Hardware Mut. Cas. Co.,* 109 Vt 481, 497, 1 A2d 817 ; *State* v. *Searles,* 108 Vt 236, 241, 184 A 701. The exception is not sustained.

The plaintiff excepted to the denial of his motions to set aside the verdict and for judgment *non obstante*. Twelve grounds for the motions are stated all of which are based upon two ultimate grounds, viz. (1) that the verdict was contrary to the evidence, and (2) that there was no evidence to support the verdict. The motion to set aside on the first of these grounds is addressed to the discretion of the trial court and its action thereon is not revisable unless it appears that there has been an abuse or withholding of discretion, but so far as it is claimed that there is no evidence to support the motion a question of law is presented which is subject to review. *Belock* v. *State Mut. Fire Ins. Co.,* 106 Vt 435, 439, 175 A 19 and cases cited. If there is any evidence fairly and reasonably tending to justify the verdict the motion cannot properly be granted on this ground. *Belock* v. *State Mut. Fire Ins. Co., supra; Paska* v. *Saunders,* 103 Vt 204, 216, 153 A 451. The evidence must be taken in the light most favorable for the prevailing party, for the motion, in this respect, is the same in nature and substance as a motion for a directed verdict. *Belock* v. *State Mut. Fire Ins. Co., supra; Twin State Fruit Corp.* v. *Kansas,* 104 Vt 154, 157, 157 A 831.

The plaintiff had the burden of proving that he was free

from contributory negligence and it is apparent that the motion was properly denied if there was any evidence from which the jury could fairly and reasonably conclude that he was guilty of such negligence. From the evidence taken in the light most favorable to the defendant the jury could reasonably have found the following facts. The highway on both sides of the place of accident was straight and nearly level for a considerable distance. The roadway was icy and slippery, except perhaps for a narrow strip in the middle. After the plaintiff left the sidewalk at Cummings Street he started walking northerly on the right hand side of the roadway. The defendant was also proceeding on her right hand side of the road. It was daylight and the lamps of the car were not lighted. The plaintiff saw the defendant's car when it was 525 feet or more distant from the place of the accident, but didn't again look towards the car until the defendant sounded her horn. She saw the plaintiff walking northerly on the right hand side of the roadway when she was about 235 feet from the place of the accident. When she was about 140 feet therefrom she saw him turn to his left and take about two steps towards the middle of the road, whereupon she sounded her horn and pulled her car towards the left, expecting the plaintiff to stop or step back. Instead he turned and looked at the car and then started to run towards the left side of the road. Thereupon the defendant set her brakes hard which caused the car to skid ahead in the direction in which it was pointed for 104 feet until the front end went into the snow bank on the left. The front of the car struck the plaintiff, breaking the right head light, when he was three-fourths of the distance across the street.

It is clear that there was evidence from which the jury could properly find that the plaintiff was contributorily negligent in starting across the street without looking at the car that he knew was approaching, or in continuing into the course he could see the car was taking when he looked after hearing the defendant's horn.

For the purpose of determining the question here presented it is unnecessary to consider whether the defendant was conclusively shown to be negligent. No claim is made that the court abused or failed to exercise its discretion with respect to grounds of the motion that could be ruled as a matter of discretion, and we find nothing to indicate that it did so.

What we have said disposes also of the motion for judgment *non obstante*.

*Judgment Affirmed.*