WILLIAM LEDGER AND WILLIAM H. HAGGARD *v.* STATE OF
TENNESSEE.

(*Knoxville,* September Term, 1955.)

Opinion filed December 9, 1955.

Joe D. Duncan, of Knoxville, for plaintiffs in error.

Knox Bigham, Assistant Attorney General, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

These two defendants below William Ledger and William H. Haggard were convicted of burglary and sen-

tenced to not more than three years in the penitentiary. Haggard was also charged and convicted under the Habitual Criminal Act.

The proof shows that the home of Mrs. Hazel Talley was broken into and a combination radio-phonograph and two electric irons were stolen. The burglar or burglars entered the house by prying a padlock off the door.

The State's proof shows that this breaking in and entering was between Friday night and Sunday night, in September of 1954.

Sometime later the defendants were arrested and confessed their guilt and stated that they sold the stolen property in Cincinnati, Ohio. The radio-phonograph was then recovered from a secondhand store in Cincinnati, Ohio.

The State proved prior convictions against Haggard under the Habitual Criminal statute.

The defendants denied burglarizing Mrs. Talley's home although they admitted being together in September of 1954 and Haggard testified that they went to Cincinnati. He denied confessing to the officers. Ledger admitted that he confessed but testified his confession was brought about by beating and mistreatment by officers.

It is insisted that the evidence preponderates against the verdict. The defendants contend that this conviction is defective because the confessions were not corroborated by other evidence. However, the corpus delecti was proven independently of the confessions because it was shown that the lock had been pried off the door and articles taken from the house.

The defendants confessed that they pried the lock off the door and that they took the articles in question in the indictment. The defendants stated that they sold the property in Cincinnati. This is corroborated by the

fact that the property was found in Cincinnati, and by the further fact that Haggard admitted being in that City with Ledger. We think this is corroboration of the confessions.

It is next insisted that the conviction cannot stand because there is no proof as to whether the break-in was committed at night or during the day. The proof shows the offense to have been committed sometime between Friday night and Sunday morning. The verdict of the jury did not in so many words convict defendants of breaking into a dwelling house in the daytime, but it did find them guilty of burglary and fixed their punishment at three years in the penitentiary.

It follows that this conviction was not under Code Section 10910, which prescribes a minimum sentence of five years, but rather it was under Code Section 10912, as amended by Chapter 63 of the Public Acts of 1953, which fixes a minimum sentence of three years for burglary of a dwelling house by day.

The defendants cite the case of *Davis* v. *State*, 43 Tenn. 77, and insist that the evidence must show the offense to have been committed in the daytime in order to support a conviction for burglary in the second degree. The Davis case held that it was necessary for the indictment to specify whether the offense was committed at night or during the day. By way of dictum the opinion stated that the proof must show the offense to have been committed in the daytime to sustain a conviction under the statute penalizing felonious break-in during the day. Code Section 10910 defines burglary as at common law and makes the time of the offense essential. In order to convict under this Section it must be shown that the entry occurred at night. We are of the opinion that the commission during the daytime is not an essential element of

burglary in the second degree, but that this fact merely refers to the offense as being committed during the day in order to distinguish it from the more severely punished offense designated by Code Section 10910. Burglary in second degree is not a different offense from common law burglary, but is merely a lesser degree of the same offense.

In *State* v. *Newell,* 93 Vt. 81, 106 A. 561, the Court said:

"At common law, the crime of burglary could be committed in the nighttime only. Therefore, a noctanter was necessary to a valid indictment therefor. But under our statute, Gen. Laws, §§ 6858, 6859, it is as much burglary to break and enter in the daytime as it is to break and enter in the nighttime. The effect of the sections referred to is, not to make two crimes, but to make two grades of the same crime. The words 'in the daytime' are not used in 6859 to define or characterize the offense, but merely to distinguish it from the higher grade of the same offense specified in 6858. The case, then, comes within the rule thus stated by Chief Justice Shaw in *Devoe* v. *Commonwealth,* 3 Metc. (Mass.) 316:

" 'Where there are several species of the same general crime, with more or fewer circumstances of aggravation, and subject to a gradation of punishments, it is not necessary, in the indictment, to negative (directly or indirectly) those circumstances which would render it more aggravated.'

"In order to convict of the higher grade, the aggravating circumstances must, of course, be alleged. But to convict of the lower grade it is not necessary to allege that the offense was committed in the daytime. *Butler* v. *People,* 4 Denio (N. Y.) 68; *Com.* v. *Reynolds,* 122 Mass. 454; *Schwabacher* v. *People,* 165

Ill. 618, 46 N. E. 809; *State* v. *Neddo,* 92 Me. 71, 42 A. 253; *State* v. *Burns,* 131 La. 396, 59 So. 823."

The soundness of the State's position is further illustrated by Code Section 10917 which reads as follows:

"Any person indicted for burglary may be convicted under either of the preceding sections of this article; and any person indicted under these sections, where another felony is included in the charge, may be convicted for such felony."

The Section above quoted shows that an intent on the part of the Legislature that the numerous offenses referred to in the Code Sections in question should be regarded as degrees of the offense of burglary.

Evidently Code Section 10912 was to cover all cases of burglary not covered by Section 10910.

■ We think that where the proof fails to show the time of the offense then the burglar may be punished under the statute providing the lesser penalty under Code Section 10912.

It results that the assignments of error must be overruled and the judgment of the lower court affirmed.