### State of Vermont v. Lawrence Jacques

[149 A2d 358]

January Term, 1959.

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ.**

Opinion Filed March 4, 1959.

*Wilson & Keyser* for the respondent.

*Harvey B. Otterman, Jr.,* State's Attorney, for the State.

**Hulburd, J.**   The respondent was prosecuted in Orange Municipal Court for operating a motor vehicle in excess of the speed limit under V. S. 47, §10,246 as amended by No. 244 of the Acts of 1949.   A jury trial resulted in a verdict of "guilty." The case is here on exceptions by the respondent.

The State's case was based solely on the testimony of a state trooper who had followed the respondent's car for about four miles.   His testimony was to the effect that its speed, while going through East Brookfield, was about fifty-five miles an hour, that it then picked up to sixty, dropped back for a while to fifty-five, and then just before he stopped it was sixty-five miles per hour.

The respondent took the stand and denied that he travelled over fifty miles per hour.   In this he was corroborated by the testimony of two other members of his family and by a passenger, Maurice Burrell.   Cross-examination of Burrell, by the State, brought out the fact, over the respondent's objection, that the witness himself had been convicted of "speeding." Afterwards, when the respondent was being cross-examined in a similar manner, the respondent admitted that he had had five previous "speeding" convictions and one "C. and N.," the latter conviction being for what we understand is careless and

negligent operation of a motor vehicle. The evidence in each instance was offered to impeach the testimony of the witness, and it was received by the court for this purpose over the objection of the respondent. This the respondent says was error.

It is the settled law of this jurisdiction that a witness may be cross-examined as to the fact that he has been convicted of a crime. *State* v. *Coolidge*, 106 Vt 183, 187, 171 A 244. Where the offense is one not involving moral turpitude, this is not a matter of right. In such a case the question of the reception of such evidence rests in the sound discretion of the court. *McGovern* v. *Hays & Smith*, 75 Vt 104, 110, 53 A 326; *Underwood* v. *Cray*, 94 Vt 58, 60, 108 A 513.

The offense of "speeding" under the motor vehicle law does not, of course, involve moral turpitude. Nevertheless, under the rule stated above, this and other offenses under the motor vehicle law may be admitted in the sound discretion of the court. The question, then, is did the trial court abuse its discretion by allowing cross-examination to show the conviction of witness Burrell of "speeding," and of the respondent for five convictions of "speeding" and one of careless and negligent driving.

Our cases have allowed the trial court considerable latitude in this matter even where the offense was a minor one. For example: in a prosecution for assault with intent to rob, a prior conviction of selling liquor without a license was admitted as bearing on the witness' credibility, *State* v. *Slack and Clough*, 69 Vt 486, 487, 38 A 311; in a prosecution for murder, in which the respondent took the stand, the State was allowed to show a conviction before a justice of the peace for a simple assault, all as a fact material in determining the weight to be given his testimony, *State* v. *Shaw*, 73 Vt 149, 156, 50 A 863; in a prosecution for burglary, the cross-examination of the respondent was allowed as to an intoxication conviction, *State* v. *Hodgdon*, 89 Vt 148, 149, 94 A 301.

In view of the cases cited above, this is a stronger one for the State than those heretofore. In order for a jury to weigh properly a man's testimony, they cannot stop with the question: how far is this man to be believed. They have to go further

and ask how far is this man to be believed on this subject. The evidence admitted against the respondent's objection bore on this question. There was even more reason for its admission in the instant case than the evidence of the same sort which was received in the cases cited above. No abuse of discretion appears.

We now pass to the other point briefed by the respondent. It pertains to the court's instructions on the presumption of innocence. The respondent seeks to avail himself of an exception taken under the following circumstances.

The record shows that at the conclusion of his charge to the jury, the trial judge called upon counsel for suggestions as to any points needing further attention. To this, counsel made the following response:

> "Mr. Otterman: The state feels it is adequately covered.
> Mr. Keyser: The respondent feels it is adequately covered but have some motions subsequent to make."

On the strength of these statements the court directed the jury to retire and deliberate on their verdict. Thereafter the transcript notes: "( Court and attorneys retire to chambers)." Then it is that the respondent's attorney said, "We would like to take exception to the law as stated by the court on the presumption of innocence * * ." It is manifest that the respondent was not only out of time in taking this exception but was attempting to go back into a matter which had been concluded by his express waiver. The court was afforded no opportunity to correct the alleged error. It is generally held that objections or exceptions to instructions should be made at the conclusion of the charge before the case is finally given to the jury. 53 Am Jur, Trial §827; 88 CJS, Trial §415; and see the recent case of *Dixon* v. *Mc Namara*, 188 Pa Super 250, 146 A2d 744, 745. This is the express requirement of county court rule 31-1. We do not find that our municipal courts have any rule on this point, but in the absence of any other specific rule the general holding must apply. To have sent for the jury in the midst of their deliberations and given them further instructions on the presumption of innocence would have resulted in

unfairly stressing this element of the case. The jury might have interpreted such emphasis as an attempt on the part of the court to influence their verdict. The transcript shows that there was no failure to charge as to presumption of innocence. The jury were told that a respondent is presumed to be innocent until proved guilty beyond a reasonable doubt and that the presumption of innocence attends the accused through the trial. In attempting to elucidate further in regard to the presumption, the court's instructions may have cast as much shadow as light, but we cannot say, in the circumstances of this case, that justice requires putting aside the general rule stated above. Prejudicial error does not appear.

*The respondent's exceptions are overruled and the judgment is affirmed. Let execution be done.*