# State of Vermont v. Robert G. Russ

[167 A.2d 528]

November Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 3, 1961

*Theodore Corsones,* State's Attorney, for the State.

*Hanford G. Davis* for the respondent.

**Smith, J.** The respondent was convicted of careless and negligent operation of a motor vehicle in the Rutland Municipal Court by jury verdict on Oct. 6, 1959. The respondent took the stand as a witness in his own behalf during the trial. Upon cross-examination by the state's attorney he was asked, "Have you ever been convicted of a violation before?" Objection was made by counsel for the respondent, but the lower court allowed the testimony to be received, upon a declaration from the state's attorney that the question was asked "for the purpose of the record of the respondent being introduced into court." Upon further objection from respondent on the introduction of the record of a previous conviction of careless and negligent driving, the state's attorney declared the record to be admissible on the grounds of "credibility," presumably referring to the credibility of the respondent as a witness. The record of the previous conviction was then received by the lower court over objection. Respondent has brought the case here on his notice of appeal, and the only question presented to this Court is upon the admissibility of the record of the previous conviction of the respondent for careless and negligent driving.

▊▊▊▊ Prior to the legislative session of 1959, it had long been the law in Vermont that evidence of a crime involving moral turpitude might be received in evidence to affect the credibility of a witness. It is still the law of Vermont that evidence of a conviction involving moral turpitude, within fifteen years, is admissible in evidence given to affect the credibility of a witness. 12 V.S.A. §1608. But the offense of careless and negligent driving under the motor vehicle law does not, of course, involve moral turpitude. However, under a long line of decisions, ending in *State* v. *Jacques,* 121 Vt. 129, 131, 149 A.2d 358, the law of this jurisdiction has been that a witness might be cross-examined as to the fact that he had been convicted of a crime. Such cross-examination was not a matter of right, as was the case in convictions involving moral turpitude, but was a question of the reception of such evidence in the sound discretion of the court. *McGovern* v. *Hays and Smith,* 75 Vt. 104, 110, 53 A. 326; *Underwood* v. *Cray,* 94 Vt. 58, 69, 108 A.513; *State* v. *Jacques, supra.*

At the time that the decision in *State* v. *Jacques* was handed down, the statute relative to the reception in evidence of the conviction of a crime by a witness was set forth in V. S. 47, §1741, and 12 V.S.A. §1608, as quoted below:

"A person shall not be incompetent as a witness in any court, matter or proceeding, by reason of his conviction of a crime other than perjury, subornation of perjury, or endeavoring to incite or procure another to commit the crime of perjury. The conviction of a crime involving moral turpitude may be given in evidence to affect the credibility of a witness."

The general assembly of the state of Vermont of 1959, however, amended this section of the statute to read as follows:

"A person shall not be incompetent as a witness in any court, matter or proceeding by reason of his conviction of a crime other than perjury, subornation of perjury, or endeavoring to incite or procure another to commit the crime of perjury. The conviction of a crime involving moral turpitude within fifteen years shall be the only crime admissible in evidence given to affect the credibility of a witness."

In addition to the limitation of the time limit within which evidence of a conviction may be admissible, and which has already been touched upon in this opinion, the effect of the amendment is to limit admissibility of past convictions only to those involving moral turpitude to affect the credibility of a witness.

The result of the present statute, as set forth in 12 V.S.A. §1608, is to remove the discretionary power of the trial court to receive evidence of a criminal conviction for an offense other than that involving moral turpitude on the subject of the credibility of a witness. It thus nullifies the law on this particular subject matter as set forth in *State* v. *Jacques, supra; State* v. *Coolidge,* 106 Vt. 183, 171 A. 244; *McGovern* v. *Hays & Smith, supra,* and *Underwood* v. *Cray, supra.*

The enactment of the general assembly of Vermont above referred to, having been approved on June 10, 1959, and by its terms being effective on passage, it was in full force and effect at the time of the trial below which was held on Oct. 16, 1959.

While there are occasions when the admission of the criminal convictions of a witness may be received on grounds other than that of credibility, particularly when the conviction sought to be introduced is properly connected with the offense upon which the respondent is then being tried, such occasion does not appear here. The trial court was in error in admitting into evidence the previous conviction of the respondent for careless and negligent driving. Such error was prejudicial and demands a reversal of the judgment below and a new trial.

*Judgment reversed and cause remanded.*