## E. R. Wiggins Builders Supplies, Inc. v. Nancy V. Bathgate

[192 A.2d 461]

March Term, 1963

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed May 7, 1963

*John Parker* for the plaintiff.

*Parker & Ainsworth* for the defendant.

**Shangraw, J.** The plaintiff constructed a house and garage for the defendant in Springfield, Vermont, during the years 1960 and 1961. In this action it seeks to recover of the defendant an unpaid balance of $12,750.31 for labor and materials supplied. A trial by jury resulted in a verdict in favor of the plaintiff for the above amount. The exceptions brought here by the appellant, Nancy V. Bathgate, are to the admission of evidence, and to the refusal of the trial court to set aside the verdict.

The plaintiff is a general contractor. During the fall of 1960 plaintiff was interviewed by the defendant and her husband concerning the erection of a house in Springfield, Vermont. At the time Mr. and Mrs. Bathgate were informed by a representative of the plaintiff that the house and garage, as then proposed, could be built for around $43,000 exclusive of plumbing, heating, electrical work, painting, grading and foundation work. No contract was made and later it was agreed that the plaintiff would build the house and garage on the basis of $3.50 an hour for labor, plus material used.

Construction started during the latter part of 1960. The floor plans were reversed, and the house and garage plans changed in several particulars. As work progressed, the plaintiff billed Mr. and Mrs. Bathgate for labor and materials. Mr. Bathgate died February 10, 1961, and upon his decease Mrs. Bathgate authorized the plaintiff to continue with the construction, and assumed payment therefor. The work was completed in July 1961. Plaintiff's total billings for labor and material amounted to $60, 649.19. During December 1960, and February, March, April and May of 1961, payments were made to the plaintiff aggregating $47, 898.88, leaving a balance of $12,750.31 for which amount plaintiff sought payment in this action and recovered in the trial court. During the months of June and July, 1961, the plaintiff requested that defendant pay the amounts billed and unpaid. Mrs. Bathgate stated that payment would be made when the job was completed.

Additional labor, material, and equipment was supplied by the defendant, including painting, kitchen cabinets, electrical wiring and fixtures, together with other items amounting in all to $12,744.94. The defendant also paid $9,100 for plumbing and heating fixtures. This resulted in a total cost of $82,524.13 for the home.

While other issues, not here material, were presented during the trial, the ultimate question was the reasonableness of the charges made by the plaintiff for labor and materials furnished. The defendant claimed that the cost of construction was excessive. No question was raised by the defendant as to the quality of the workmanship or materials supplied.

Mr. Milton A. Thompson, a home builder, was improved by the defendant as a witness and testified that the house and garage was a $62,000 project. Walter A. Kangas, of Springfield, Vermont, a construction estimator, was called by the defendant as a witness and gave, in round figures, $55,000 as a reasonable cost of this home. This figure did not include painting, kitchen cabinets, wiring, and some other items.

Mr. Premo F. Ratti, a real estate appraiser of Brattleboro, Vermont, was called as a rebuttal witness by the plaintiff. He testified that in his opinion $85,846.00 fairly represented the cost of construction of this home. Mr. Ratti had examined the property, and on direct examination it was developed that this appraisal was made on the basis of what the witness observed in the construction of the home; the type of walls and foundation; the general construction of the house; the various conveniences of the home; the floor plan layout; the quality of the materials in general; the quality of the workmanship; and the size of this home. This line of inquiry was seasonably objected to by the defendant.

At the conclusion of Mr. Ratti's testimony, on redirect examination, the following discloses other factors considered by the witness in his appraisal of the property.

Q. Now, Mr. Ratti, on the basis of your appraisal what do you consider?

A. I consider the general layout of the residence that I inspected, the size of the room layout, the conveniences, the desirability of it, the marketability of it, the quality of the materials, quality of the workmanship and I considered then the reproduction costs of that house, no matter who built it. I wasn't interested in what they paid for it.

The defendant objected to the above question and moved to strike the answer on the basis that the witness was not testifying as to construction costs, but that the appraisal figure given by him represented

a realistic appraisal of the property in question, and was not limited to overall construction costs. The motion to strike was denied. This is the vital question presented here for review.

■ The objections to Mr. Ratti's testimony are not addressed to his competency as a real estate appraiser, but to the admissibility of his testimony, having in mind the factors which he considered as the basis of his appraisal. In order to be admissible, offered evidence must not only be logically relevant but also legally relevant, that is, of a character to be deemed of probative value. *Long* v. *Leonard,* 113 Vt. 258, 261, 32 A.2d 679.

■ Since this action is for quantum meruit, evidence of the reasonable amount of the materials and labor expended was essential to a recovery. But this is quite different from the subject of Mr. Ratti's testimony which was principally concerned with the desirability and marketability of the premises as a complete unit. The desirability and the marketability of this home were factors not in issue. The sole issue presented was the propriety of the charges made by the plaintiff for the labor and materials supplied, not the market value of the home when completed. Permitting the witness Ratti's testimony to remain in the case for the jury's consideration was prejudicial error. There must be a new trial.

Because the judgment must be set aside for reasons stated, it is not necessary for us to pass upon the defendant's motion to set aside the verdict.

*Judgment reversed and cause remanded.*