### State of Vermont v. Henry E. Manning

[392 A.2d 409]

No. 127-76

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed September 11, 1978

*Stephen W. Webster,* Orange County State's Attorney, Randolph, for Plaintiff.

*James L. Morse,* Defender General, *Charles S. Martin,* Appellate Defender, and *Kenneth S. Ampel,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Daley, J.** The defendant was charged with one count of burglary of sleeping apartments in violation of 13 V.S.A. § 1203 and one count of statutory rape in violation of 13 V.S.A. § 3201. He appeals his conviction on both counts in a trial by jury, claiming that the court erred in the admission of certain evidence and in the denial of his motion for judgment of acquittal on Count One based on the State's failure to prove all the elements of the crime charged.

Viewing the evidence in the light most favorable to the State, the facts may be briefly stated as follows. The victim, a fifteen year old girl, had sexual intercourse with someone sometime after one o'clock in the morning of December 17, 1975. At about 11:00 p.m. the preceding evening the defendant experienced car trouble while driving to his home in Bethel. He stopped by a house trailer in Brookfield where the victim and her mother lived to get some water for his radiator. Shortly thereafter the mother left for work leaving the victim at home alone. The defendant arrived at his home one hour later at about midnight. From this point on the evidence is conflicting. The victim claims the defendant returned to the trailer twice that same evening and that on the second occasion he broke in, threatened her with a knife, and raped her. She reported the alleged rape to the State Police at approximately 2:30 a.m. on December 17, 1975. The defendant's wife and daughter, on the other hand, claim that the defendant did not leave his house after his arrival there at midnight.

The defendant's first claim of improperly admitted evidence concerns the admissibility of the defendant's prior conviction in 1975 for burglary in the nighttime. 13 V.S.A. § 1201. He moved to suppress such evidence by means of a pretrial motion *in limine* which was denied. Both parties agree that the conviction was introduced for the limited purpose of impeaching the defendant's credibility and that the question of admissibility is controlled by 12 V.S.A. § 1608 which provides in pertinent part as follows:

> The conviction of a crime involving moral turpitude within fifteen years shall be the only crime admissible in evidence given to affect the credibility of a witness.

■ The defendant contends that a prior conviction is admissible under the statute only if the court in its discretion determines that the probative value of the evidence outweighs its prejudicial effect. We disagree. Prior to the enactment of 12 V.S.A. § 1608 in 1959, the settled law in Vermont was that impeachment by prior conviction might be permissible but that only those offenses involving moral turpitude were admissible as a matter of right. *State* v. *Russ*, 122 Vt. 236, 237, 167 A.2d 528, 529 (1961). All other offenses were admis-

sible as a matter of discretion. *Id.* The 1959 legislation removed the court's discretionary power to admit offenses not involving moral turpitude. *Id.* at 238, 167 A.2d at 529. Otherwise the law remained the same and, therefore, the State here was entitled as a matter of right to introduce any conviction within the last 15 years for a crime involving moral turpitude for the limited purpose of impeaching the defendant's credibility. *Pond* v. *Carter*, 126 Vt. 299, 307, 229 A.2d 248, 254 (1967).

█ It is defendant's further contention under 12 V.S.A. § 1068 that there must be a positive showing that moral turpitude was involved in the prior crime sought to be introduced. The defendant's falure to provide this Court with a transcript of the pretrial hearing on the motion *in limine,* in which he sought to suppress this evidence, prevents us from assessing whether such a showing was made. *State* v. *Bressette,* 130 Vt. 321, 322, 292 A.2d 817, 818 (1972). Moreover, it is our view that burglary is malum in se, see 1 Wharton's Criminal Law and Procedure § 26, at 56 (1957) and as such involves moral turpitude as a matter of law. See *State* v. *Fournier,* 123 Vt. 439, 440, 193 A.2d 924, 925 (1963).

█ Defendant's second contention of improperly admitted evidence involves the set of six mug shot photographs including one of the defendant. The jury had already heard of the defendant's prior conviction during voir dire by the time the victim's mother on direct examination made a positive in-court identification of the defendant and identified his mug shot as the one she had seen previously during the initial police investigation. The State's offer of the six mug shots into evidence at this point met with two objections, that the evidence suggested a prior criminal record and that the evidence was unnecessary because the victim's mother had already made a positive in-court identification. The court directed that the mug shots be mounted so as to hide the information printed on the back. Vermont Bureau of Identification numbers remained on the front of two of the photos, although not on the defendant's. Once the victim on direct examination testified that she had identified the defendant by photograph during the police investigation, the set of mug shots was

admitted. The victim never identified the defendant's mug shot while on the stand, nor did the State refer to the defendant's criminal record in its closing argument.

The defendant does not argue that the mug shots were inadmissible per se, see *United States* v. *Fosher*, 568 F.2d 207, 214 (1st Cir. 1978). Rather, he argues that they were inadmissible as a matter of discretion as legally irrelevant evidence the prejudicial effect of which outweighed its probative value. See *E. R. Wiggins Builders Supplies, Inc.* v. *Bathgate*, 123 Vt. 418, 421, 192 A.2d 461, 463 (1963); McCormick on Evidence, § 185, at 440–41 (2d ed. 1972). We will not disturb the trial court's discretionary ruling unless the defendant affirmatively shows, first, that there has been an abuse of that discretion, *State* v. *Dragon*, 130 Vt. 334, 342, 292 A.2d 826, 831 (1972), and, secondly, that he has been prejudiced thereby. *State* v. *Berard*, 132 Vt. 138, 145, 315 A.2d 501, 506 (1974).

The defendant attempts to meet this burden by arguing that the mug shots directed undue attention to his prior criminal record. The defendant took the stand in this case, and evidence of his prior conviction was already properly before the jury for the limited purpose of impeaching his credibility; and because he does not deny the probative value of the mug shots, see *Gilbert* v. *California*, 388 U.S. 263, 272–73 n.3 (1967), he has failed to meet his burden of showing their prejudicial effect. We hold the mug shots to be legally relevant in this instance, and therefore admissible. No error appears.

Defendant's third claim of improperly admitted evidence concerns a pair of "long johns" and a knife belonging to the defendant. The State introduced these items at trial based on the victim's testimony that the "long johns" were similar to those she saw while she watched her assailant disrobe, and that the knife was similar to the one her assailant used to threaten her. The defendant in turn testified that the "long johns" were very similar to the ones he wore the night in question and that the knife appeared to be the one he carried with him that same night. He nevertheless argues on appeal that these two items of evidence were too remote and thus irrelevant. The question of remoteness is largely within

the discretion of the trial court, *Long* v. *Leonard,* 113 Vt. 258, 261, 32 A.2d 679, 681 (1943), and our inquiry is thus limited to whether the court abused its discretion by exercising it for reasons clearly untenable or to an extent clearly unreasonable. *State* v. *Emrick,* 129 Vt. 475, 480, 282 A.2d 821, 825 (1971). Given that the disputed items of evidence corroborated the material facts testified to by the victim, that she had been threatened with a knife and that the defendant had disrobed in her presence, no abuse of discretion appears.

Defendant's last claim of error based on improperly admitted evidence involves testimony offered through the State's expert that the defendant's blood type made him one of the 16% of the male population that could not be excluded as suspect in the rape of the victim. We do not reach this issue because of the lack of objection below. *State* v. *Kennison,* 135 Vt. 238, 373 A.2d 556, 558 (1977).

Finally, the defendant argues that the denial of his motion for acquittal as to Count One was error because the State failed to prove one of the elements of the crime charged under 13 V.S.A. § 1203, namely that it was a sleeping apartment which was burglarized. We do not address defendant's contention of failure of proof because an offense under 13 V.S.A. § 1203 was not properly charged in the first instance due to the omission from the information of the necessary element of *noctanter. State* v. *Newell,* 93 Vt. 81, 82, 106 A. 561, 562 (1919). Burglary is one general crime, which, depending on the presence of the aggravating circumstances of *noctanter* under 13 V.S.A. § 1201 or of both *noctanter* and sleeping compartment under 13 V.S.A. § 1203, is subject to a gradation of punishment. *Id.* Due to the absence of an allegation of *noctanter* in the instant case, the information sufficiently charged but one crime, that of burglary in the daytime under 13 V.S.A. § 1202. In the absence of a showing of prejudice, the sufficiency of the information is not disturbed by the incorrect citation to § 1203 rather than to § 1202. V.R.Cr.P. 7(b); 41 Am. Jur. 2d *Indictments and Informations* § 88, at 932. Nor is it disturbed by the surplus allegation of sleeping apartment. 41 Am. Jur. 2d *Indictments and Informations* § 71, at 921. In our view the information passes constitutional muster in both reasonably indicating to the defend-

442

ant the exact offense charged and enabling him to intelligently prepare his defense. *State* v. *Christman,* 135 Vt. 59, 370 A.2d 624, 625 (1977).

The verdict of guilty on Count One necessarily implied a finding by the jury that each of the elements alleged therein was proven beyond a reasonable doubt. In accordance with these implied findings establishing all the elements of burglary in the daytime, judgment will be rendered here as it should have been rendered below. See *State* v. *Margie,* 119 Vt. 137, 142, 120 A.2d 807, 810 (1956); *State* v. *Kaufman,* 172 Minn. 139, 214 N.W. 785 (1927).

*Count One: Judgment and sentence stricken. Cause remanded for entry of a judgment that the defendant is guilty of a violation of 13 V.S.A. § 1202 and imposition of a sentence as provided in that section.*

*Count Two: Judgment affirmed.*