## State of Vermont v. Newton Knight III

[453 A.2d 82]

No. 380-80

Present: Billings, Hill and Underwood, JJ., and Daley and Larrow, JJ. (Ret.), Specially Assigned

Opinion Filed November 2, 1982

*John J. Easton, Jr.*, Attorney General, *Susan R. Harritt* and *James R. Crucitti,* Assistant Attorneys General, and *Gordon C. Gebauer, Jr.*, Law Clerk (On the Brief), Montpelier, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Per Curiam.** This is an appeal from a judgment convicting the defendant of sexual assault. 13 V.S.A. § 3252. As grounds for appeal the defendant claims, *inter alia,* that the trial court erred in denying his motion for exclusion of his prior criminal record. We agree.

Prior to trial the defendant moved in limine to prohibit the State from impeaching his testimony by use of his prior conviction for adultery. The trial court denied the motion, ruling that since this was a conviction for a crime occurring within the past fifteen years and one involving moral turpitude the State had an absolute right to impeach with it under *State* v. *Manning,* 136 Vt. 436, 392 A.2d 409 (1978). Thereafter, the defendant was tried and convicted on January 7, 1981.

On April 7, 1981, this Court overruled *Manning* in *State* v. *Gardner,* 139 Vt. 456, 433 A.2d 249 (1981), and held that trial courts must exercise discretion before admitting a prior conviction of a defendant for impeachment purposes. *Id.* at 458, 433 A.2d at 250. On appeal, the defendant contends that *Gardner* should apply to his case, and that the trial court erred as a matter of law in ruling that his prior conviction was admissible as a matter of right. The State argues that *Gardner* should not be applied retroactively and that *Manning* controls.

The issue whether the rule announced in *Gardner* should be applied to a case tried before *Gardner,* but not final on appeal when that decision was handed down, was resolved

by this court in *State* v. *Shattuck,* 141 Vt. 523, 450 A.2d 1122 (1982). In *Shattuck,* we held that *"Gardner* applies to all convictions that were not final in Vermont on the date *Gardner* was decided." *Id.* at 530, 450 A.2d at 1126.

In the instant case, the trial court's ruling that it had no discretion to exclude evidence of the defendant's prior conviction was consistent with the law under *Manning* but it violated *Gardner.* Defendant's conviction therefore must be reversed.

In view of our disposition of this principal question, we do not reach the defendant's other claims of error.

*Reversed and remanded.*