**Richard M. McGovern v. Department of Motor Vehicles**

[423 A.2d 489]

No. 415-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed November 5, 1980

*Desautels & Bergeron, Inc.,* Burlington, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Thomas A. Mc-Cormick* and *Robert C. Schwartz,* Assistant Attorneys General, Montpelier, for Defendant.

**Barney, C.J.** Richard McGovern, the appellant, appeals the decision of the Chittenden Superior Court upholding the Department of Motor Vehicles' suspension of his driver's license for life. The Department found that he had four convictions for driving while under the influence of intoxicating liquors, and suspended his license for life, pursuant to 23 V.S.A. § 1208(f).

On March 8, 1966, and again on April 29, 1966, the appellant was convicted under 23 V.S.A. § 1183 for driving a motor vehicle while under the influence of intoxicating liquor. Effective July 1, 1970, the Legislature repealed 23 V.S.A. §§ 1183–1195 (the statutory provisions relating to driving while under the influence), and replaced them with 23 V.S.A. §§ 1201–1210. 1969, No. 267 (Adj. Sess.). On April 23, 1979, and again on July 9, 1979, the appellant was convicted under 23 V.S.A. § 1201 for driving while under the influence. On July 19, 1979, the Department of Motor Vehicles sent the appellant a notice suspending his driver's license for life, pursuant to 23 V.S.A. § 1208(f). The appellant challenged the suspension in Chittenden Superior Court under V.R.C.P. 75. The court upheld the suspension.

Section 1208(f) provides:

> Upon a fourth or subsequent conviction of a person violating a provision of section 1201 of this title and upon final determination of any appeal, the person shall deliver his operator's license, if any, to the court, and the court shall forward it forthwith to the commissioner of motor vehicles, along with the conviction report. The commissioner shall immediately revoke the person's operating license . . . for life if the date of the fourth or subsequent offense is within 15 years of the first offense for which he was convicted.

The Department argues that the meaning of § 1208(f) is unclear, and that we should therefore look to what the Legislature intended when it enacted § 1208(f) to interpret its meaning. The Department argues that "violating a provision of section 1201" includes violating § 1183 as well as § 1201, since both sections prohibit the same activity. It concludes that the two convictions under § 1183 count toward the four convictions required for § 1208(f).

The appellant argues that the language of § 1208(f) is clear in that it refers only to § 1201. We agree.

Section 1208(f) makes no mention of § 1183 (the old provision), nor does it refer generally to previous convictions for driving while under the influence. It refers only to § 1201. "Where [the language of a statute] is clear, the court is required to enforce it according to its terms, and there is no need for construction." *In re Lampman,* 135 Vt. 226, 228, 373 A.2d 547, 548 (1977). We also note that 1 V.S.A. § 214, relating to the effect of amending or repealing a statute, does not apply in this case.

The appellant has violated § 1201 only twice. Therefore, the Department was not authorized to suspend his license for life pursuant to § 1208(f), but only for three years pursuant to § 1208(b).

*Reversed and remanded.*