## State of Vermont v. Dawn M. Bradley

[494 A.2d 129]

No. 82-435

Present: Hill, Underwood, Peck and Gibson, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed March 29, 1985

*John J. Easton, Jr.*, Attorney General, *Elizabeth Grant Rome*, Assistant Attorney General, and *Karen A. Corti*, Law Clerk (On the Brief), Montpelier, for Plaintiff-Appellee.

*Andrew B. Crane*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

Hill, J. The defendant, Dawn Bradley, was charged with driving a motor vehicle while under license suspension in violation of 23 V.S.A. § 674. The defendant pleaded guilty to the charge pursuant to a plea agreement made with the prosecutor. Under the agreement, the prosecutor recommended that only a fine be imposed. The judge, however, failed to follow the prosecutor's recommendation. He believed, and stated on the record, that in this case, 23 V.S.A. § 674(c) mandated a minimum jail term, and he sentenced the defendant to serve four days in jail. Because the information failed to allege facts necessary to invoke the mandatory minimum sentence provisions of § 674(c), we vacate the sentence and remand this case for further proceedings.

Title 23 V.S.A. § 674(a)[1] provides that a person whose license has been suspended shall not operate a motor vehicle

---

[1] 23 V.S.A. § 674(a) states:

A person whose license or whose right to operate a motor vehicle has been revoked, suspended or refused by the commissioner of motor vehicles shall not operate or attempt to operate a motor vehicle upon a public highway until the right of such person to operate motor vehicles has been reinstated by such commissioner by subsequent license or otherwise. A person who violates a provision of this section shall be:

(1) fined not more than $500.00 or be imprisoned not more than thirty days or both for the first offense;

(2) fined not more than $500.00 or imprisoned not more than ninety days, or both, for a second offense;

upon a public highway until his license has been reinstated. It also sets forth a series of graduated penalties, increasing the maximum sentence for each new violation of the provision. In addition to the maximum sentence provision of § 674(a), there is also a mandatory minimum sentence provision, applicable in certain instances, set forth in 23 V.S.A. § 674(c).[2]

■ The defendant's claim on appeal challenges the sufficiency of the information to charge an offense subject to 23 V.S.A. § 674(c). Inasmuch as the appeal challenges the sufficiency of the information, we may address it now even though the issue was not raised earlier. *State* v. *Phillips*, 142 Vt. 283, 290, 455 A.2d 325, 329 (1982); V.R.Cr.P. 12(b)(2). The information alleges that the defendant operated a motor vehicle on a public highway while her license to operate was suspended, and that the defendant had previously been convicted of the same offense. Conspicuously absent from the information is any allegation that the present violation occurred while the defendant was under suspension as a result of a prior conviction for a violation of one of the six sections enumerated in § 674(c). This is important, because an operator's license can be suspended for a number of reasons, including: littering the highways, 24 V.S.A. § 2201; incompetence, 23 V.S.A. § 636; accumulating numerous moving traffic violations, 23 V.S.A. §§ 673a(a), 2505; and failing to furnish proof of financial responsibility when required, 23 V.S.A. § 802. The failure to al-

---

(3) fined not more than $1,000.00 or imprisoned not more than six months or both, for a third offense; and

(4) fined not more than $1,000.00 or imprisoned not more than two years, or both, for each subsequent offense.

[2] 23 V.S.A. § 674(c) states:

Notwithstanding any other provision of this section, a person who violates a provision of this section when the violation is based on a suspension or revocation of a license to operate, privilege to operate or privilege of any nonresident to operate resulting from a conviction for a violation of sections 674(a), 1091, 1094, 1128, 1133 or 1201 of this title shall be sentenced to, and shall serve, the following minimum terms of

(1) for the first offense, two days;

(2) for the second offense, four days;

(3) for the third offense, eight days;

(4) for the fourth and subsequent offenses, sixteen days.

lege the basis of the suspension in the information renders the provisions of § 674(c) inapplicable to the present case.

V.R.Cr.P. 7(b) states that the information used to charge a criminal defendant "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Compliance with this rule satisfies the defendant's right under Chap. I, Art. 10 of the Vermont Constitution and the Sixth Amendment of the United States Constitution, " 'to be informed of the cause and nature of the accusation against [her].' " *State* v. *Phillips, supra,* 142 Vt. at 288, 455 A.2d at 328 (quoting *State* v. *Christman,* 135 Vt. 59, 60, 370 A.2d 624, 625 (1977)). This Court has consistently stated that the information must set forth " 'charges with such particularity as will reasonably indicate the exact offense the accused is charged with, and will enable [her] to make intelligent preparation for [her] defense.' *State* v. *Christman, supra,* 135 Vt. at 60, 370 A.2d at 625 (citing *State* v. *Woodmansee,* 124 Vt. 387, 390, 205 A.2d 407, 409 (1964) ; *State* v. *Margie,* 119 Vt. 137, 141, 120 A.2d 807, 810 (1956))." *State* v. *Phillips, supra,* 142 Vt. at 288, 455 A.2d at 328. To satisfy this requirement, an essential fact, affecting the degree of punishment, must be alleged in the information. See *State* v. *Cameron,* 126 Vt. 244, 248–49, 227 A.2d 276, 279 (1967) (failure to allege prior convictions for operating while under suspension precluded higher sentence because of those convictions). In the present case, the fact that the defendant's violation was based on a suspension resulting from the prior conviction was not alleged. This allegation was essential in order to invoke the mandatory minimum sentence provision of § 674(c).

The State urges us to find that the information, if read as a whole, reasonably indicates the applicability of the mandatory minimum sentence provision. It bases this claim on the fact that a statement, typed in below the signature line on the information, reads: "Pen. MIN 4 days to serve Max. $500.00 or 90 days or both." The fact that this statement is not included in the body of the information renders its status, as an allegation which is part of the information, dubious. However, the real flaw in this claim is the insufficiency of merely alleging that a minimum sentence applies. For the mandatory minimum sentence provision to apply, the facts that invoke that provi-

sion must themselves be alleged. See *State* v. *Phillips, supra,* 142 Vt. at 289, 455 A.2d at 328 (facts which constitute an unlawful act must be alleged; merely citing statutory language is insufficient) ; *State* v. *Cameron, supra,* 126 Vt. at 248–49, 227 A.2d at 279 (information "must allege every fact affecting the degree of punishment"). There being no such allegation here of the essential facts, this case is not subject to the mandatory minimum sentence provision of § 674(c).

It follows therefore that the sentence imposed, which is based on the mandatory minimum sentence provision of § 674(c), cannot be sustained on the complaint as drawn. The information is sufficient, however, to sustain the defendant's conviction for a second violation of 23 V.S.A. § 674(a). See, e.g., *State* v. *Manning,* 136 Vt. 436, 441–42, 392 A.2d 409, 412 (1978), *overruled on other grounds, State* v. *Gardner,* 139 Vt. 456, 433 A.2d 249 (1981).

*Sentence vacated; cause remanded for imposition of sentence in accordance with the plea agreement or, in the alternative, with leave to the defendant to withdraw her plea.*