**STATE of Vermont v. Robert WILLIAMS**

[627 A.2d 1254]

No. 91-611

April 29, 1993. Defendant appeals from a conviction of driving with a

suspended license (DLS) in violation of 23 V.S.A. § 674. He argues that he was charged, tried, and convicted under the wrong statute. We reverse the conviction and remand the case for imposition of judgment on the lesser included offense and for resentencing.

Prior to its amendment in 1991, § 674 set forth maximum fines and terms of imprisonment, based on the number of prior offenses, for operating a motor vehicle with a suspended license. The reason for the underlying suspension was not relevant. Effective July 1, 1991, the Legislature amended the former § 674 by creating two separate sections, §§ 674 and 676. Among other changes, the amended § 674 made DLS subject to criminal penalties only when the underlying suspension resulted from a violation of certain enumerated statutory sections. If the underlying suspension was "for any reason" other than a violation of the sections listed in amended § 674(a), an operator commits a civil traffic violation under § 676 and is subject only to civil penalties. Thus, under the amended statute, the reason for the underlying suspension determines whether the offender will be subject to criminal or civil penalties.

The alleged violation took place on August 1, 1991, one month after the amended § 674 took effect. The information stated that defendant operated a motor vehicle while his license was suspended in violation of § 674, but it did not state the reason for the underlying suspension. The information also noted six prior DLS convictions and a maximum penalty that mirrored the maximum penalty permitted under the former § 674 for a fourth or subsequent offense. Defendant's motion in limine, which sought to exclude all testimony concerning prior DLS convictions and the reason for the suspension in effect on August 1, 1991, was granted. Defense counsel stated to the court on the record that the parties had agreed to stipulate that defendant was under suspension on August 1, 1991, and that he had more than four prior DLS convictions, all of which were valid. The stipulation did not identify the reason for any of the previous suspensions. No evidence was presented at trial regarding the reason defendant's license was under suspension on August 1, 1991, and the court's jury charge made no mention of the reason for the underlying suspension. Apparently, both parties and the court proceeded as if defendant were being charged under the former § 674. The jury found defendant guilty, and the court sentenced him to a term of 30 to 60 days imprisonment, which was stayed pending appeal.

Defendant may argue for the first time on appeal that the information was fatally defective. *State v. Bradley*, 145 Vt. 492, 494, 494 A.2d 129, 131 (1985). In determining the sufficiency of the information under Chapter I, Article 10 of the Vermont Constitution and the Sixth Amendment of the United States Constitution, we consider whether the charging document sufficiently informed the defendant of the basis and nature of the charge so as to enable him to prepare his defense. *State v. Towne*, 158 Vt. 607, 631, 615 A.2d 484, 497 (1992); *State v. Roy*, 151 Vt. 17, 28–29, 557 A.2d 884, 891 (1989); *State v. Hurley*, 150 Vt. 165, 171, 552 A.2d 382, 386 (1988) (defendant must show how preparation or presentation of defense was hampered in some significant way by omission in information). Thus, the key inquiry is whether it is fair to require the defendant to defend on the basis of the charge as stated in the particular information.

We conclude that the conviction cannot stand. Although our recent cases have adopted a "common sense approach" in determining the sufficiency of an information, *State v. De-LaBruere*, 154 Vt. 237, 276, 577 A.2d 254, 275 (1990), an information that omits an essential element of the offense generally cannot serve as the basis of a conviction. *State v. Kreth*, 150 Vt. 406, 408, 553 A.2d 554, 555 (1988). Here, the amended statute makes the reason for the underlying suspension an essential element of a § 674 violation. See *Bradley*, 145 Vt. at 495, 494 A.2d at 132 (essential fact affecting degree of punishment must be alleged in information). While defendant sought to exclude any testimony concerning the reason for the suspension that was in effect on August 1, 1991, the information did not apprise defendant of the fact that the reason for the suspension was an element of the crime. Therefore, defendant had no opportunity to present any potential defense concerning the basis of the suspension, and any facts regarding the underlying suspension are not part of the record on appeal. Given these circumstances, we can hardly conclude that defendant was not prejudiced in preparing his defense. Cf. *Roy*, 151 Vt. at 28, 557 A.2d at 891 (absence of implied intent element in information did not prejudice the defendant in preparing his defense because his own testimony showed he acted with requisite intent).

Nor can we uphold the sentence based on § 674(b), which provides that persons who have violated "section 676" on two or more prior occasions are subject to the penalties set forth in § 674(a). See *McGovern v. Department of Motor Vehicles*, 139 Vt. 169, 171, 423 A.2d 489, 490 (1980) (where statute permitted revocation of driver's license for life upon fourth or subsequent violation of "section 1201," State could not suspend the defendant's license for life based on convictions under prior statute).

Because the information and evidence were sufficient to make out a civil traffic violation under § 676, we remand the matter for imposition of judgment under § 676 and for resentencing. See *State v. Bradley*, 145 Vt. at 496, 494 A.2d at 132; *State v. Manning*, 136 Vt. 436, 441–42, 392 A.2d 409, 412 (1978) (where information failed to charge aggravating circumstance, Court on appeal entered judgment on lesser-included offense).

*The conviction is reversed and the matter is remanded for imposition of judgment under § 676 and for resentencing.*

**Morse, J.,** concurring. I concur in the result solely because V.R.Cr.P. 12, as interpreted, requires a reversal. The rule allowing review of the sufficiency of an information for the first time on appeal, *State v. Bradley*, 145 Vt. 492, 494, 494 A.2d 129, 131 (1985), is predicated on V.R.Cr.P. 12(b)(2), which states:

> Any . . . objection . . . may be raised before trial by motion. Unless otherwise ordered for cause . . . , the following must be raised prior to trial if then known to the party: . . . [O]bjections based on defects in the . . . information (other than that it fails to . . . charge an offense, which objection[] shall be noticed by the court at any time during the pendency of the proceeding) . . . .

The wisdom for this rule is dubious. We rarely grant relief on review unless the error prejudices defendant. In this case, prejudice is most likely absent, given the circumstances and defendant's failure on appeal to reveal whether any existed.

I believe V.R.Cr.P. 12(b)(2)'s parenthetical caveat allowing defects in the information to be raised "at any time" should be dropped from our criminal practice as unnecessarily technical. The standards for plain error, including the need for a showing of prejudice, are sufficient.