FRANK, Acting Chief Judge.
Larry D. Jones appeals from his judgment and sentence for resisting arrest without violence. We reverse because the trial court improperly instructed the jury on that offense.
The trial court erred in instructing the jury that “arresting the Defendant for possession of cocaine and/or drug paraphernalia constitutes lawful execution of a legal duty.” By stating that Jones’s arrest constituted the lawful execution of a legal duty, the trial court, in effect, took the issue of the lawfulness of his arrest from the jury and directed a verdict for the State. See Kyle v. State, 650 So.2d 127 (Fla. 4th DCA 1995), review denied, 659 So.2d 1089 (Fla.1995); Royster v. State, 643 So.2d 61 (Fla. 1st DCA 1994); Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992). Accordingly, we reverse.
Reversed and remanded for a new trial.
PATTERSON and ALTENBERND, JJ., concur.