## State of Vermont v. Barry Longe

[743 A.2d 569]

No. 98-088

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed September 24, 1999

*Edward G. Adrian*, Franklin County Deputy State's Attorney, St. Albans, for Plaintiff-Appellee.

*Robert Appel*, Defender General, and *William A. Nelson*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Amestoy, C.J.** Defendant Barry Longe appeals the decision of the Franklin District Court denying his motion for judgment of acquittal following a jury verdict of guilty for operating a motor vehicle after license suspension in violation of 23 V.S.A. § 674(b). On appeal, defendant argues that the reason for defendant's underlying suspension is an essential element of a § 674(b) charge which the trial court erroneously removed from the jury's consideration. We disagree and affirm the conviction.

■ As a threshold matter, the parties disagree on our standard of review. Defendant maintains that this case presents an error of law, and accordingly is subject to de novo review. The State contends that this case involves a discretionary ruling regarding prejudicial evidence pursuant to V.R.E. 403 which is reviewed only for abuse of discretion. Although the issue was raised initially under V.R.E. 403, the actual question before us is whether the trial court improperly removed an essential element from the jury's consideration. This question presents a question of law and, accordingly, we review it de novo.

At issue in this case is the connection among three related sections of Title 23 of the Vermont statutes. Defendant was charged with operating a motor vehicle while his license was still suspended as a result of his failure to comply with 23 V.S.A. § 1209a. Section 1209a provides in relevant part that no license suspended or revoked under the subchapter shall be reinstated unless the person has successfully completed an alcohol and driving education program. Section 1201 prohibits any person from operating, attempting to operate, or being in actual physical control of any vehicle on a highway when the person's alcohol concentration is .08 or more. See 23 V.S.A. § 1201(a)(1). Finally, § 674(b), the section with which defendant was charged, provides in part that:

> A person whose license or privilege to operate a motor vehicle has been suspended or revoked for a violation of section 1201 of this title . . . and who operates or attempts to operate a motor vehicle upon a public highway before reinstatement of the license shall be imprisoned not more than two years or fined not more than $5,000, or both.

23 V.S.A. § 674(b). Stated more succinctly: first, defendant's license was revoked for driving under the influence of alcohol, see *id*; second, he failed to satisfy the alcohol and driving education program, see *id.* § 1209a; third, he was charged with operating a motor vehicle while his license was still suspended (DLS) due to his failure to satisfy the requirements of § 1209a, see *id.* § 674(b).

Before the trial began, defendant indicated to the State and the court that he would object to any mention of driving under the influence (DUI). Accordingly, the State produced two witnesses, neither of whom testified that the defendant had been suspended for a DUI conviction. An employee of the Department of Motor Vehicles (DMV) testified that defendant's privilege to operate a motor vehicle

was suspended on October 24, 1997, and had not been reinstated as a result of his failure to complete the § 1209a requirements. During the employee's testimony, however, the State introduced two exhibits documenting the suspension, one of which was a license suspension notice from the DMV indicating that defendant's license was suspended for operating a motor vehicle with a blood alcohol content of .08 or more. Defendant objected to admitting the documents, arguing that any language relating to alcohol concentration be redacted. Before admitting these documents, the court agreed to delete all language relating to DUI to avoid prejudice to the defendant.

Later, during a colloquy regarding jury instructions, the State suggested that § 1201 need not be mentioned to the jury. Instead, the State contended that § 1209a could act as a "surrogate" for § 1201, thereby avoiding the potentially prejudicial language of § 1201. The court responded that the issue raised a question of law for the court to resolve. In the presence of counsel only, the court found, as a matter of law, that the defendant had a previous conviction for operating a motor vehicle with a blood alcohol concentration of more than .08 percent, and that the underlying suspension was a result of that conviction. The court later instructed the jury that the State's information charged the defendant with DLS for failing to satisfy 23 V.S.A. § 1209a, in violation of 23 V.S.A. § 674(b). The court further instructed:

The information that I read to you earlier made reference to . . . § 674(b) and that statute provides a person whose license or privilege to operate a motor vehicle has been suspended or revoked for a violation of § 1209 of this title and who operates . . . a motor vehicle upon a public highway before the suspension period imposed for the violation has expired shall be punished according to the law.

Now, in this case the State must prove the essential elements as follows, each of them beyond a reasonable doubt:

First, that it was the defendant . . . .

That his operation of a motor vehicle was on a public highway.

That at the time of the operation, the defendant's right to operate a motor vehicle was under active suspension, and that it had not been reinstated.

Do not be concerned about the actual language of . . . § 1209a or § 1201. It is sufficient if the State has shown

beyond a reasonable doubt that the defendant was under suspension at the time of operation.

Defendant was convicted of DLS in violation of 23 V.S.A. § 674(b). Defendant made a motion for judgment of acquittal or, alternatively, for a new trial, both of which were denied.

On appeal, defendant argues that the court erred in instructing the jury not to be concerned with the language of §§ 1201 or 1209a. He contends that the court's determination that, as a matter of law, defendant had been convicted of DUI, along with the corresponding jury instruction, removed an essential element of the crime from the jury's province and generated two errors. First, defendant argues that there was no evidence that defendant's license was suspended for violation of § 1201 and, accordingly, the motion to acquit should have been granted. Second, even if there were sufficient evidence to convict defendant of a § 1201 violation, defendant argues that the court erred in refusing to instruct the jury that a verdict of guilty depended on a finding as to the reason for the suspension.

The statutes governing DLS grade the offense depending on the section violation on which the underlying suspension is based. In the instant case, § 674(b) establishes a maximum of two years imprisonment, a fine of $5,000, or both, if the underlying suspension was a result of a violation of § 1201. Operation after suspension for any reason other than a violation of §§ 674, 1091, 1094, 1128, 1133, 1201 or 1205 of Title 23 constitutes a civil traffic violation. See 23 V.S.A. § 674. Defendant argues that because the section violation of the underlying suspension determines whether the offender will be subject to criminal or civil penalties, the fact that defendant drove after his license was suspended for a violation of § 1201 was an essential element of § 674(b), and this element should have been determined by the jury rather than the court. See *State v. Williams*, 160 Vt. 615, 617, 627 A.2d 1254, 1255 (1993) (mem.).

We explained in *Williams* that prior to its amendment in 1991 § 674 set forth maximum fines and terms of imprisonment for operating a motor vehicle with a suspended license based on the number of the defendant's prior offenses. The reason for the underlying offense, therefore, was not relevant to the fine or sentence imposed. As amended, however, § 674 subjects a defendant to criminal penalties only when the defendant's underlying suspension resulted from violation of certain statutory sections. We explained:

> If the underlying suspension was for any reason other than
> a violation of the sections listed in amended § 674(a), an

> operator commits a civil traffic violation . . . and is subject only to civil penalties. Thus, under the amended statute, the reason for the underlying suspension determines whether the offender will be subject to criminal or civil penalties.

*Id.* at 616, 627 A.2d at 1254 (internal quotation marks omitted).

Relying on this language, defendant argues that the reason for an underlying suspension is an essential element of a § 674 charge and that this element was improperly removed from the jury's province. In *Williams*, we reversed a § 674 conviction because the information stated that defendant operated a motor vehicle while his license was suspended in violation of § 674, but did not state the reason of the underlying suspension. See *id.* at 617, 627 A.2d at 1255. We concluded that the conviction could not stand because the information omitted an essential element of the offense and, therefore, the defendant had no opportunity to present any potential defense concerning the reason for the suspension. See *id.*

In the instant case, the information stated that the defendant operated a motor vehicle when his "right to operate a motor vehicle was under active suspension by the Commissioner of Motor Vehicles for Title 23 V.S.A. § 1209a and the same not having been reinstated, in violation of Title 23 V.S.A. § 674(b)." Unlike the information in *Williams*, this information sufficiently informed the defendant of the basis and nature of the charge so as to enable him to prepare his defense. See, e.g., *State v. Towne*, 158 Vt. 607, 631, 615 A.2d 484, 497 (1992) (information must set forth charges with such particularity as will reasonably indicate the exact offense with which the accused is charged). Moreover, at oral argument, defendant conceded that the information sufficiently apprised him of the charge he faced. Accordingly, while we agree that *Williams* requires that the State provide the reason for the underlying suspension in the information, we are unpersuaded that it requires the State to prove beyond a reasonable doubt to the factfinder that defendant's license was suspended because he was convicted of driving under the influence of alcohol. Indeed, it was defendant's claim of undue prejudice that induced the court to prohibit the introduction of evidence referring to the reason for defendant's underlying suspension.*

---

*The dissent minimizes defense counsel's active role in inviting the error defendant now challenges. Before trial, defendant made clear his objection to any mention of DUI. The court granted his request, admonishing the State to only refer to § 1201 by statute

At oral argument, however, defendant contended the court's instructions to the jury that it "not be concerned about the actual language" of § 1201 or § 1209a improperly relieved the jury of its obligation to find that defendant's conviction under § 1201 accounted for his suspension. Although the court instructed the jury that it need not be concerned with the actual statutory language, the instructions required a finding that at the time of the operation defendant's right to operate a motor vehicle was under active suspension and had not

---

number, thereby avoiding the alleged prejudice which concerned defendant. During the State's case, defendant objected to the State's attempt to introduce the suspension notice because it revealed defendant's blood-alcohol concentration and would indirectly inform the jury of his DUI conviction. Again, the court granted defendant's request, deleting the reference to blood-alcohol concentration and explaining:

> [I]t would seem to be sufficient in that the court could find at the conclusion of the evidence that the State has met its burden if they introduce sufficient evidence to show that the defendant at the time of the operation in question was under active suspension as you claim and had not been reinstated. There doesn't seem to be any requirement for showing the reason for the suspension.

Defense counsel did not respond to this, allowing the evidence portion of the trial to close without objection. However, when discussing jury instructions before closing arguments, defense counsel reversed his position and, for the first time, raised the issue that he brings before this Court:

> The Court [to Defense Counsel]: You feel that the information is fatally defective because it does not allege that the . . . defendant was under suspension for violation of § 1201.
> Defense Counsel: Among other things, and it's impossible to argue nor is there any proof of that.

The invited error doctrine, which applies in both civil and criminal cases, see *State v. Massey*, 169 Vt. 180, 185, 730 A.2d 623, 627 (1999), is "a branch of the doctrine of waiver by which courts prevent a party from inducing an erroneous ruling and later seeking to profit from the legal consequences of having the ruling set aside." *Harvis v. Roadway Express, Inc.*, 923 F.2d 59, 61 (6th Cir. 1991); see also *State v. Crabtree*, 482 S.E.2d 605, 612 (W. Va. 1996) ("Having induced an error, a party in a normal case may not at a later stage of the trial use the error to set aside its immediate and adverse consequences.").

Here, the court granted defendant's pretrial request to keep from the jury any mention of the DUI conviction and sustained his objection during the State's case to the inclusion of defendant's blood-alcohol concentration on the suspension notice. Defendant did much more than merely "minimal[ly] contribut[e] to the actions of the court." 170 Vt. at 44 n.1, 743 A.2d at 575-76 n.1. He actively induced the error and now attempts to profit from it, asking for, in effect, a "built-in 'veto' over the litigation if it took a course unfavorable to him." See *Rash v. Waterhouse*, 124 Vt. 476, 478, 207 A.2d 130, 132 (1965). The invited error doctrine prevents defendant from utilizing such a veto, particularly where, as here, the error was harmless because the court did charge the jury with finding the ultimate fact of whether at the time of the operation defendant's right to operate a motor vehicle was under active suspension and had not been reinstated.

been reinstated. The instructions also included a recitation of the information which, as quoted above, made explicit reference to § 1209a as the reason for the § 674(b) charge. Although we perceive some ambiguity in the court's explanation, the instructions, when read in their entirety, required the jury to find that defendant's license was suspended for failing to comply with § 1209a.

Defendant further argues, however, that a conviction under § 1201 is an essential element of a § 674(b) conviction, yet the State did not present any evidence of a § 1201 violation. During oral argument, defendant suggested that the decision in *Old Chief v. United States*, 519 U.S. 172 (1997), provides examples of possible methods for establishing the requisite elements of a crime, while simultaneously avoiding unfairly prejudicing the jury. We conclude, however, that both requirements were achieved through the use of and reference to § 1209a which served as a surrogate for the potential prejudice that reference to § 1201 might have engendered. Although we recognize that the State did not present evidence of the § 1201 conviction, we do not agree that the State was required to prove that defendant's license was suspended for violation of § 1201 to convict him under § 674(b). A reading of the alcohol and driving education course requirements of § 1209a would be meaningless without a reference to § 1201, which establishes in the first instance that driving under the influence of alcohol is unlawful. Indeed, a subsection of § 674 itself explicitly establishes that "[f]or the purposes of this section . . . the suspension period for a violation of section 1201 . . . of this title shall not be deemed to expire until the person has complied with section 1209a of this title." 23 V.S.A § 674(f). The evidence of defendant's failure to satisfy the § 1209a requirements was sufficient to establish the reason for the underlying suspension.

We find the decision in *Old Chief* instructive nevertheless, albeit for reasons other than those which defendant posits. The petitioner in *Old Chief* was charged with violating a statute that made it unlawful for anyone to possess a firearm if they had been convicted of a crime punishable by imprisonment for a term exceeding one year. See *Old Chief*, 519 U.S. at 174-75. Before trial, petitioner moved for an order requiring the government to refrain from offering any evidence regarding the defendant's prior criminal convictions, except to state that he was convicted of a crime punishable by a term exceeding one year. See *id.* at 175. He proposed that the jury be instructed that the defendant was convicted of a crime punishable by a term of at least one year, but the government refused to join the stipulation, insisting

on its right to prove the case in its own way. See *id.* at 176-77. The district court agreed with the government's position. See *id.* at 177. The Supreme Court, however, reversed the judgment. In so doing it held:

> The issue is not whether concrete details of the prior crime should come to the jurors' attention but whether the name or general character of that crime is to be disclosed. . . . [T]he fact of the qualifying conviction is alone what matters under the statute. . . . The most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from processing a gun, and this point may be made readily in a defendant's admission and underscored in the court's jury instructions.

*Id.* at 190-91.

 Here, the evidence of defendant's failure to satisfy the § 1209a requirements was sufficient for the jury to find the fact of the qualifying underlying suspension. A DMV employee testified that on the date of the alleged offense, defendant's license was suspended for failing to comply with the § 1209a requirements, and the jury was presented with exhibits documenting defendant's suspension. Furthermore, a failure to comply with the requirements of § 1209a places the reason for defendant's underlying suspension within the class of suspensions which subject an offender to criminal penalties.

Defendant contends, however, that the reason for defendant's license suspension involved purely historical fact, and therefore was an element that required resolution by the jury and not the court. Defendant argues that the decision in *United States v. Gaudin*, 515 U.S. 506 (1995), reveals the trial court's error as a matter of basic constitutional law. In *Gaudin*, the Court held that in a perjury prosecution, where criminal liability depended on the materiality of the alleged falsehood, due process required that the issue of materiality by submitted to the jury. The materiality of a falsehood was a jury question because it turned on a mixed question of law and fact, which is typically resolved by juries. See *id.* at 512-13. Defendant argues that the element at issue in the instant case — the reason for defendant's license suspension — involved purely historical fact and therefore should have been resolved by the jury.

Defendant overlooks, however, that although the court determined independently that defendant had a previous conviction for DUI, the

instructions both reiterated the language in the information which indicated that defendant's failure to comply with § 1209a led to the charge under § 674(b), and required the jurors to find that at the time of the alleged incident, defendant's right to operate a motor vehicle was under active suspension. The *reason* for the underlying suspension was removed from the jury's consideration at defense counsel's request. The issue of *fact* — whether at the time of operating the motor vehicle defendant's right to operate was under active suspension and had not been reinstated — was left for the jury to decide. The jury considered the essential elements of the offense charged and had a sufficient evidentiary basis for finding defendant guilty of violating § 674(b). Accordingly, we affirm the conviction.

*Affirmed.*

**Skoglund, J.,** dissenting. Because I believe that the trial judge's instructions improperly removed one of the essential elements of the crime charged from the jury's determination, I respectfully dissent.

Defendant was charged with violating § 674(b) of Title 23, which reads as follows:

> A person whose license or privilege to operate a motor vehicle has been suspended or revoked for a violation of section 1201 of this title . . . and who operates or attempts to operate a motor vehicle upon a public highway before reinstatement of the license shall be imprisoned not more than two years or fined not more than $5,000.00, or both. . . .

23 V.S.A. § 674(b).

The statutory sections at play in this case are as follows. Section 1201 makes it a crime to operate a motor vehicle under the influence of intoxicating liquor. Section 674 also provides, in subsection (f), that the suspension period for a violation of § 1201 "shall not be deemed to expire until the person has complied with section 1209a of this title and the person's license has been reinstated." Section 1209a of Title 23 sets forth certain conditions for reinstatement of suspended or revoked licenses. Thus, § 674(b) requires the State to prove, as an essential element of its case, that the operator's license was suspended for a violation of § 1201 of Title 23, and, if the imposed period of suspension has run, the State must make out a prima facie case of failure to comply with § 1209a as required by § 674(f).

The State's criminal information charged defendant with the following:

> That [defendant] did then and there operate a motor vehicle on and over a public highway, . . . when this person's right to operate a motor vehicle was under active suspension by the Commissioner of Motor Vehicles for Title 23 VSA § 1209a and the same not having been reinstated, in violation of Title 23 VSA § 674(b).

Notwithstanding the fact that the information misstates the violation found in § 674(b), I do not dispute that it was sufficient to put defendant on notice of the charge he faced, in accordance with our holding in *State v. Williams*, 160 Vt. 615, 627 A.2d 1254 (1993) (mem.). Because § 674(b) makes specific reference to § 1201 (as well as § 1205), defendant was on notice the State was charging him with operating while his license had been suspended for DUI and not reinstated pursuant to § 1209a. And, I will concede that the basis for the underlying suspension was highlighted for defendant by the reference in the information to § 1209a. Thus, it was fair to require defendant to defend on the basis of the charge as stated in the particular information. See *id.* at 617, 627 A.2d at 1255.

Notice aside, however, defendant was denied his constitutional right to have a jury determine if he was guilty beyond a reasonable doubt as to every element of the crime charged when the trial judge decided, as a matter of law, that defendant's underlying license suspension was for a violation of § 1201. When the court instructed the jury that it need not be concerned about the "actual language of . . . § 1209a or § 1201," that "[i]t [was] sufficient if the State has shown beyond a reasonable doubt that defendant was under suspension at the time of operation," it took determination of an essential element of the State's case away from the finder of fact. If one follows the events at trial, it becomes apparent how the State and the court, with a little help from defense counsel, worked their way into, what I consider, reversible error.[1]

The question of whether mention would be made of the underlying predicate for suspension, conviction of DUI, was first raised by the State on the morning of trial. The prosecuting attorney told the court,

---

[1] The invited error doctrine holds that an action induced by an appellant cannot ordinarily be a ground of error. See *State v. Ross*, 454 A.2d 266, 269 (Conn. 1983); see also *State v. Massey*, 169 Vt. 180, 185-86, 730 A.2d 623, 627 (1999), citing *State v. Crabtree*, 482 S.E.2d 605, 612 (W. Va. 1996) (invited error doctrine prevents a party from inducing an erroneous response and then seeking to profit from that error). Beyond introducing the specter of a mistrial, defense counsel's minimal contribution to the actions of the court does not call for analysis under the doctrine of invited error.

"I'm trying to get around the jury knowing that [defendant] was convicted of a previous DWI. I can't see an easy way to do that or any way to do that because of the way the legislature has crafted the statute." He further noted, "[i]t is an important element of the offense." At which point defense simply stated "we will object to any mention of DUI . . . and move for a mistrial," but offered no further legal argument on the point. The court was reluctant to tell the State how to present its case and told the state's attorney he was on his own.

At trial, defense counsel expressed concern that the suspension letter issued to defendant, an exhibit offered by the State, stated that the suspension was for ".08 percent or more alcohol concentration first offense criminal." The State argued that the Legislature recognized § 674(b) would require mention of the underlying reason for the suspension and that it was "within what's a necessary element that the jury needs to hear that far outweighs any prejudicial effect that it might have on the jury . . . ." The court disagreed and opined that it could decide at the conclusion of the evidence if the State had met its burden by introducing sufficient evidence to show that defendant at the time of the operation in question was under active suspension and had not been reinstated. The court stated: "There doesn't seem to be any requirement for showing the reason for the suspension." It then struck the language of the exhibit regarding alcohol concentration and criminal offense because of the "possibility that it could be prejudicial" to defendant. In another exhibit offered by the State, defense counsel requested the code designation indicating DUI be deleted and the State agreed to do so.

At the close of the State's case, defense moved for judgment of acquittal because the State failed to show that defendant was under suspension for the reason that makes driving with a suspended license a criminal matter under § 674(b). The court denied the motion, finding that the State had introduced sufficient evidence to demonstrate that the underlying suspension made the matter criminal, without identifying what evidence it was relying on in reaching that conclusion.

Then, during the jury charge conference, the State expressed concern that the jury was going to wonder why the State never told them what § 1209a was. At this point defense argued that the information did not properly charge a criminal violation of § 674 and moved for dismissal of the charge. Defense counsel pointed out that he never objected to a specific mention of § 1201, nor had the court

ruled that mention of the statute was forbidden. The State asserted that it deliberately left any mention of § 1201 out of the information and argued that "the Legislature must have contemplated the prejudicial effect of a DWI introduction into this type of proceeding and therefore enacted § 674(f) which allows 1209 to act as surrogate for 1201." Following this reasoning, the court denied defense's motion to dismiss.

Defendant then asked the court to instruct the jury that it must find defendant's license had been suspended pursuant to § 1201. The State protested and argued to reopen its case to introduce the stricken evidence that would have supported such a finding:

> [I]t's the State's contention that the only way for this jury, barring the court's adoption of the surrogate of 1209a, to find the defendant guilty is for the State to introduce evidence that he was in fact convicted of 1201 for drunk driving and that he was given notice of that suspension for having a blood alcohol content of .08 or more. That was the only way. That was the State's contention from the beginning.

The court ruled that the issue was a matter of law for the court to decide and found that defendant's license had been suspended based on his conviction for DUI. In effect, the court granted the State a directed verdict on one element of the offense charged.

It has long been recognized that a trial judge "may not direct a verdict of guilty no matter how conclusive the evidence." *United Brotherhood of Carpenters & Joiners of America v. United States*, 330 U.S. 395, 408 (1947); see also *Connecticut v. Johnson*, 460 U.S. 73, 84 (1983); *Sparf & Hansen v. United States*, 156 U.S. 51, 105 (1895). The prohibition against directed verdicts includes "situations in which the judge's instructions fall short of directing a guilty verdict but which nevertheless have the effect of so doing by eliminating other relevant considerations if the jury finds one fact to be true." *United States v. Hayward*, 420 F.2d 142, 144 (D.C. Cir. 1969). As one panel of the Fifth Circuit has stated, "[N]o fact, not even an undisputed fact, may be determined by the Judge." *Roe v. United States*, 287 F.2d 435, 440 (5th Cir.), *cert. denied*, 368 U.S. 824 (1961); accord *United States v. Musgrave*, 444 F.2d 755, 762 (5th Cir. 1971).

The rule prohibiting verdicts directed against an accused emanates from the guarantee of due process and the right to a jury trial found in the Fifth and Sixth Amendments to the United States Constitution.

These provisions require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt. See *United States v. Gaudin*, 515 U.S. 506, 510 (1995); see also *In re Winship*, 397 U.S. 358, 364 (1970) (due process "protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact* necessary to constitute the crime with which he is charged.") (emphasis added); *Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993).

Conviction under § 674(b) requires proof that the suspension at issue results from a prior DUI conviction. Thus, defendant had a right to demand that a jury decide whether the State proved the required basis of his alleged suspension. By taking this determination away from the jury, the court deprived defendant of this right.

In *State v. Williams*, 581 A.2d 78 (N.H. 1990), the defendant was charged with fraud in connection with the sale of securities. The trial court instructed the jury that certain limited partnership interests were "securities." See *id.* at 79. In a per curiam decision citing *In re Winship*, 397 U.S. at 363, the New Hampshire Supreme Court wrote: "The fourteenth amendment [to the United States Constitution] and part I, article 15 [of the New Hampshire Constitution] have been interpreted as entitling a criminal defendant to a jury determination on all factual elements of the crime charged." *Id.* at 80. The court held that whether the limited partnership interests were securities was a question of fact for the jury and that it was error for the judge to decide this question as a matter of law. See *id.*

In *People v. Tice*, 558 N.W.2d 245 (Mich. Ct. App. 1996), the defendant was charged with being a felon in possession of a firearm. The trial court instructed the jury that the defendant was a convicted felon. The appellate court reversed, holding that the trial court had impermissibly undermined the essential fact-finding function of the jury and freed the prosecution from its duty to prove each element of the crime charged beyond a reasonable doubt. "When a trial court instructs that an essential element of a criminal offense exists as a matter of law, error requiring reversal will be found." *Id.* at 248. See also *Andrews v. State*, 652 S.W.2d 370, 374 (Tex. Ct. App. 1983) (trial court's instruction held reversible error as "jury [could not] perform its function of being the exclusive judge of facts."); *State v. Rodriguez*, 509 A.2d 72, 75 (Conn. App. Ct. 1986) (trial court's charge to the jury regarding elements of murder "preempted the jury's function and in effect directed a verdict as to an essential element of the crime" which

was "clearly unconstitutional and deprives a criminal defendant of his right to due process of law.").

In *Jones v. State*, 707 So. 2d 773, 774 (Fla. Dist. Ct. App. 1998), the trial court had instructed the jury that "arresting the Defendant for possession of cocaine and/or drug paraphernalia constitutes lawful execution of a legal duty." The reviewing court held that this was reversible error: "By stating that [defendant's] arrest constituted the lawful execution of a legal duty, the trial court, in effect, took the issue of the lawfulness of his arrest from the jury and directed a verdict for the State." *Id.* at 774.

In the present case, the court below held that the basis for defendant's suspension was a question of law for the court to decide. This holding is contrary to our decision in *Williams*, 160 Vt. at 617, 627 A.2d at 1225, where we held the statute "makes the reason for the underlying suspension an essential element of a § 674 violation," and misunderstands the distinction between questions of law and questions of fact.

In *Gaudin*, 515 U.S. at 511-15, the United States Supreme Court held that in a perjury prosecution where criminal liability depended on the *materiality* of the alleged falsehood, due process required that the issue of materiality be submitted to the jury. The Court held that the materiality of a falsehood turned on a "mixed question of law and fact [which] has typically been resolved by juries." *Id.* at 512. The element in this case, by contrast — the reason for defendant's license suspension — involved purely historical fact. The trier of fact should therefore have resolved it.

Nor was the error harmless. In *Chapman v. California*, 386 U.S. 18, 21-22 (1967), the Court held that errors of constitutional dimension do not *automatically* require reversal of criminal convictions. Only such constitutional errors as "necessarily render a trial fundamentally unfair" require reversal without regard to the evidence in the particular case. *Rose v. Clark*, 478 U.S. 570, 577 (1986). These errors include the introduction of a coerced confession, the complete denial of a defendant's right to counsel, adjudication by a biased judge, and the direction of a verdict for the prosecution in a criminal jury trial. See *id.* at 577-78. The harmless error doctrine does not apply to such errors. Because the error committed in this case is akin to the direction of a verdict for the prosecution on an element of the offense charged, it is a constitutional error requiring reversal without regard to the weight of the evidence. See *Johnson*, 460 U.S. at 84.

The majority relies in part on the United States Supreme Court's decision in *Old Chief v. United States*, 519 U.S. 172 (1997), for the

proposition that § 1209a properly served as a surrogate for § 1201. In *Old Chief*, the defendant was charged with a violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for anyone who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. A crime punishable by imprisonment for a term exceeding one year is defined in 18 U.S.C. § 921(a)(20).[2] The Court held that the district court abused its discretion when it spurned the defendant's offer to admit the fact of the prior conviction element of the offense charged and instead admitted the full record of prior judgment of conviction when name or nature of prior offense created a risk of a verdict tainted by improper consideration. See *Old Chief*, 519 U.S. at 178-92.

The difference between *Old Chief* and the case at bar is obvious. In *Old Chief* the defendant offered to stipulate to an instruction to the jury that he had been convicted of a crime punishable by imprisonment exceeding one year. In the present case defendant did not offer to stipulate that his suspension had been for violation of § 1201. There are other distinctions as well. In *Old Chief* the defendant moved for an order prohibiting the government from offering evidence or soliciting testimony regarding the prior criminal convictions, arguing that evidence of the name and nature of the prior assault conviction would unfairly tax the jury's capacity to hold the government to its burden of proof beyond a reasonable doubt on current charges. See *id.* at 175. In other words, the defendant argued that by offering to stipulate, evidence of the name and nature of the predicate offense would be inadmissible under Rule 403 of the Federal Rules of Evidence, the danger being that unfair prejudice from that evidence would substantially outweigh its probative value.

Missing from the case at bar are any legal arguments on whether mention of either "DUI" or § 1201 was admissible. Missing too is any balancing by the court of competing interests under Vermont Rule of Evidence 403. During trial, defense objected to two documents without actually stating a basis for the objection other than noting that the documents mentioned DUI. This resulted in the court agreeing that there was a "possibility" that such evidence of DUI

---

[2] A crime punishable by imprisonment for a term exceeding one year is defined to exclude "any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices" and "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C.A. § 921(a)(20).

"could be prejudicial" and ordering evidence of the reason for defendant's suspension struck from the documents.

The fact that defendant's suspension was for violation of § 1201 was not itself an ultimate fact because the statute did not specifically require proof of DUI. But its demonstration was a step on the evidentiary route to the ultimate fact, since it served to place defendant within a particular subclass of offenders for whom driving while their license suspended is a crime outlawed by § 674(b).[3] What matters is that the suspension was for a DUI conviction, not merely that defendant operated a vehicle while his license was under suspension.

The State was concerned that charging the offense using the language of the statute and introducing evidence from which a jury could find, beyond a reasonable doubt, that defendant's suspension was based on a violation of § 1201 might be prejudicial. As a threshold matter, evidence is excludable only if it is "unfairly" prejudicial, in that it has "an undue tendency to suggest decision on an improper basis." Fed. R. Evid. 403 advisory committee's note. "'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" *Dollar v. Long Mfg.*, 561 F.2d 613, 618 (5th Cir. 1977).

The structure of § 674 itself shows that the Legislature envisioned jurors learning the basic nature for the suspension of defendant's license. Section 674(b) governs operating while one's license is suspended for violation of § 1201. It does not govern operating while one's license is suspended for attempting to elude a police officer, see 23 V.S.A. § 1133, or for leaving the scene of an accident, see 23 V.S.A. § 1128 — those are covered in § 674(a). Nor does it govern operating while one's license is suspended or prior to reinstatement pursuant to § 676. The State must prove that defendant's license had been suspended for violation of § 1201, DUI. In short, under § 674(b), a defendant's prior suspension connotes not only that he has no license, but also that he has engaged in DUI. Thus, the name and basic nature of defendant's crime that resulted in suspension of his license is not unfairly prejudicial and is admissible to prove his guilt of the crime charged.

---

[3] Section 676 of Title 23 makes it a civil traffic violation to operate a motor vehicle after the license to operate has been suspended, revoked or refused for reasons other than violations of certain statutes, including § 1201.

The State argues that it was up to defendant to rebut the State's evidence that he was suspended pursuant to § 1209a. However, it is for the State to prove the essential elements of a criminal charge; the defendant can stand silent until it does so. Then, as here, the defendant can move for judgment of acquittal at the close of the State's case if he believes the State has failed to produce evidence of an essential element.

As the United States Supreme Court has noted, "[t]he definition of the elements of a criminal offense is entrusted to the legislature." *Liparota v. United States*, 471 U.S. 419, 424 (1985). Within broad constitutional bounds, legislatures have flexibility in defining the elements of a criminal offense. See *Patterson v. New York*, 432 U.S. 197, 210 (1977). State legislatures may reallocate burdens of proof by labeling elements as affirmative defenses, or they may convert elements into "sentencing factors" for consideration by the sentencing court. See *McMillan v. Pennsylvania*, 477 U.S. 79, 85-86 (1986). If the Legislature did not intend suspension pursuant to § 1201 to be an essential element of the crime described in § 674(b), it could have made the reason for the suspension merely a sentencing factor for the court to consider. This it did not do.

It is not a crime to fail to get your driver's license reinstated after suspension for DUI. It is a crime, however, to drive if your license has not been reinstated after suspension for DUI. Because the State failed to introduce any evidence to support the jury's verdict that defendant was operating while under suspension for violating § 1201, the conviction should be reversed.

I am authorized to state that Justice Johnson joins in this dissent.