*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-272

JANUARY TERM, 2017

| | |
|---|---|
| Vera P. Mikhailova | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Family Division |
| | } |
| | } |
| Andrei V. Babyuk | } DOCKET NO. 891-11-14 Cndm |

Trial Judge: James R. Crucitti

In the above-entitled cause, the Clerk will enter:

Husband appeals from the trial court's order in this post-divorce proceeding. He argues that the court improperly modified the final divorce order. We affirm.

The parties divorced in October 2015 after a fifteen-year marriage. One of the main marital assets was a $1,185,000 buyout package provided to husband for his interest in iSystems. At the time of the divorce, the court found that there was approximately $550,000 remaining in the buyout fund after payment of the parties' credit card debt, federal and state taxes, and household expenses. The parties also owed husband's sister approximately $50,000. The final order also provided that:

> [Husband] shall pay to [wife] $200,000, approximately one half of the proceeds remaining from the sale of his interest in iSystems, as calculated above with credit to [husband] of one half of the established debt to his sister. [Husband] is awarded the remainder of these proceeds. Payment shall be made within 30 days of the date of this order.

In April 2016, husband moved to reduce his obligation to wife based on certain payments he had made. He also asked the court to interpret the provision quoted above. Husband argued that wife's share of the debt to his sister—$25,000—must be deducted from wife's award of $200,000, and thus, he owed wife $175,000, not $200,000. Wife opposed the motion, asserting that she was entitled to $200,000. Wife also moved to enforce the final divorce order.

The court resolved this dispute in a June 2016 entry order. It recognized that the final divorce order was poorly worded, but indicated that the court's intent had been to award wife $200,000 as stated. The court explained that it had noted in the final divorce order that the buyout funds had been reduced by various expenses, and it had calculated that $200,000 was an appropriate amount for wife given that husband was also made responsible for the marital debt to his sister. The court therefore denied husband's request to deduct $25,000 from the amount that he owed to wife. This appeal followed.

Husband argues that the court exceeded its jurisdiction in deciding his motion to clarify. He maintains that the court could not clarify its decision absent a motion to alter and amend under Vermont Rule of Civil Procedure 59, and that no such motion was filed. According to husband, the final divorce order clearly provided that wife would receive $200,000 less wife's share of the marital debt, and he was entitled to rely on this determination.

We reject husband's arguments. As reflected above, it was husband who asked the court to clarify the paragraph at issue and to adopt his position that he owed wife $175,000 rather than $200,000 as stated in the final order. Although husband disagrees with the way in which the court clarified its order, he cannot now argue that the court erred in responding to his request. See State v. Longe, 170 Vt. 35, 39 n* (1999) ("The invited error doctrine, which applies in both civil and criminal cases, is 'a branch of the doctrine of waiver by which courts prevent a party from inducing an erroneous ruling and later seeking to profit from the legal consequences of having the ruling set aside.' " (citations omitted)). In any event, husband was not seeking to "alter or amend" the judgment under Rule 59, nor did the court "alter or amend" its decision. Thus, Rule 59 does not control here. Moreover, wife had filed a motion to enforce, and the court was properly responding to this request as well. Finally, the language at issue is hardly clear, as husband posits. The trial court acknowledged that the language was poorly worded, and it did not err in clarifying that its intent had been for wife to receive $200,000 of the remaining buyout funds, as stated in the final divorce order. As the court explained in its original decision and again in its entry order, the award represents approximately half of the remaining buyout funds, taking into account wife's share of the debt to husband's sister. We find no basis to disturb the court's decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

2